[S. F. No. 6580. In Bank.—October 18, 1915.]

## CHRIST KNUDSON, Appellant, v. HATTIE M. KEARNEY, Respondent.

TIDE-LAND—SALE BY STATE—PURPORT OF DECISION IN PEOPLE v. CALI-FORNIA FISH CO.—The purport of the decision in *People* v. *California Fish Co.*, 166 Cal. 576, is that a sale and grant of tide-lands made under the provisions of the Political Code, sections 3440 to 3493½, inclusive, conveys to the grantee only a subordinate estate in the property, subject to the public uses of navigation and fishery, and that the state may, at any time, take such property for the purposes of navigation and fishery, notwithstanding such grant. The decision is limited to grants made solely on the authority of the said sections of the Political Code.

ID.—TIDE-LANDS IN SAN FRANCISCO BAY—LANDS NOT RESERVED FOR NAVIGATION—GRANTS BY TIDE-LAND COMMISSIONERS ARE VALID.— The provisions of the acts of March 30, 1868, and the supplementary act of April 1, 1870 (Stats. 1867–68, p. 716; Stats. 1869–70, p. 541), are in aid of navigation and for the purpose of providing for the improvement of San Francisco Bay so as to make it more suitable for navigation, and grants of tide-land made by the tide-land commissioners, in pursuance of said acts, of lands not reserved by them for the purposes of navigation specified therein, are valid, and convey absolute title to the lands granted.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial. Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Appellant.

R. W. Kearney, and Ed. K. Taylor, for Respondent.

SHAW, J.—Plaintiff sued defendant to quiet title to a parcel of tide-land containing about two acres situated on the southern shore of San Francisco Bay. He alleged that he was the owner and was in possession thereof. These allegations were put in issue by the answer, and the defendant's title and right of possession were also set up by affirmative allegations.

In response to these issues the court found that the plaintiff was not, and never had been, in possession of any of the land, except a rectangular part thereof thirty-five by one hundred and fifty feet in extent; that he had no title or right of possession in any part of the land and was an intruder thereon. It further found that the title to the land is vested in one Eugenie von Leicht, under a conveyance from Ferdinand von Leicht, who obtained title by grant from the state of California, made on March 6, 1873, by the board of tide-land commissioners, and that the defendant, Kearney, is entitled to possession thereof under a lease from Eugenie von Leicht. Judgment was thereupon given for the defendant Kearney. Plaintiff appeals from the judgment and from an order denying a new trial.

The grant from the state to Von Leicht was made under the act of March 30, 1868, and the supplementary act of April 1, 1870 (Stats. 1867–68, p. 716; Stats. 1869–70, p. 541). The act of 1868 created a board of tide-land commissioners and empowered it to take possession of all the salt-marsh and tide-land lying under water between the upland and the line to be established by the board as the waterfront along the bay of San Francisco, and situated in the city and county of San Francisco, and to have the same surveyed and platted into lots, streets and alleys, reserving, however, so much thereof as in the judgment of the board would be required for streets, docks, piers, slips, canals, drains, or other uses necessary for public convenience or purposes of commerce, and thereupon to sell the lots at public auction and execute deeds therefor conveying to the grantee all the right, title

and interest of the state to the particular lot sold to him. The proceeds were to be paid into the general fund of the state.

The supplementary act of April 1, 1870, extended the area of land under the charge and disposition of the board of tide-land commissioners so as to include all the salt-marsh and tide-lands within five miles of said city and county as established by the act of April 18, 1857, [Stats. 1857, p. 209], not including, however, any land theretofore granted to the city of Oakland. The land in controversy is within the limits of the extension thus created. The act also empowered the commissioners to have the additional land surveyed and subdivided into lots not exceeding twenty acres, or not less than fifty feet front by one hundred feet deep, and to make certain canal basins in and on the same as they deemed necessary for drainage and for navigation and commerce, and thereupon to sell such lands at public auction.

Plaintiff objected to the introduction of the grant made in pursuance of the foregoing acts upon the ground that the state had no power thus to convey absolute title to the tide-lands. There is no force in this objection. His contention is that under the decision of this court in *People* v. *California Fish Co.*, 166 Cal. 576, 585, [138 Pac. 79], the state had no power to alienate tide-lands so as to affect the public easement for navigation. The plaintiff has wholly misconceived the effect of that decision. Its purport is that a sale and grant made under the provisions of the Political Code, sections 3440 to 3493½, inclusive, conveys to the grantee only a subordinate estate in the property, subject to the public uses of navigation and fishery, and that the state may, at any time, take such property for the purposes of navigation and fishery, notwithstanding such grant. The decision was limited to grants made solely on the authority of the said sections of the Political Code. We were careful to say that "when the plan or system of improvement or development adopted by the state for the promotion of navigation and commerce cuts off a part of these tide-lands or submerged lands from the public channels, so that they are no longer useful for navigation, the state may thereupon sell and dispose of such excluded lands into private ownership or private uses, thereby destroying the public easement in such portion of the lands and giving them over to the grantee, free from

public control and use." The decision in that case was made in consideration of the fact that the sections of the Political Code referred to were obviously not made in pursuance of any plan for the disposition of tide-lands considered unnecessary for purposes of navigation, or which it was deemed wise to sell in aid of navigation, but were only incidental to the scheme of the state to sell its swamp-lands and other lands suitable for cultivation to private persons, and that they were not enacted in the administration of the state's trust in tide-lands for the purposes of navigation and commerce. (166 Cal. 590, 591, [138 Pac. 79].)

In the present case the situation is precisely the reverse. It is obvious from the provisions of the aforesaid acts of 1868 and 1870 that they were enacted in aid of navigation and for the purpose of providing for the improvement of San Francisco Bay, so as to make it more suitable for navigation. These acts provided that the boundaries of navigable waters should be fixed and the waterfront line delineated, and, in effect, that the land not required for docks, piers, slips, or other purposes of commerce should be subject to sale outright to private persons for private use. Reference is made in the opinion in *People* v. *California Fish Co.,* 166 Cal. 576, 585, [138 Pac. 79], aforesaid, to the disposition by the state, under these and other similar statutes, of tide-lands cut off from navigation by the fixing of the waterfront of San Francisco. Many decisions are cited which either declare or assume that grants under such laws convey the title in fee. · (*Eldridge* v. *Cowell,* 4 Cal. 87; *Hyman* v. *Read,* 13 Cal. 444; *Knight* v. *Roche,* 56 Cal. 15; *People* v. *Williams,* 64 Cal. 498, [2 Pac. 393]; *San Francisco* v. *Straut,* 84 Cal. 124, [24 Pac. 814].) Deeds made under the authority of these and similar acts do not come within the scope of the decision in the California Fish Co. case, or the other San Pedro cases following it. The other points made by the appellant do not deserve consideration. None of them is well taken.

The judgment and order are affirmed.

Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

MELVIN, J.—I concur in the conclusion reached by Mr. Justice Shaw, and generally with what he says in reference to the power of the state, acting through a commission, to sell

certain of its tide-lands, reserving no part of the fee nor dominion over them for purposes of navigation and fishery. I do not wish to be understood, however, as assenting to the reasoning and conclusions in *People* v. *California Fish Co.*, 166 Cal. 575, [138 Pac. 79], and the other cases disposing of the title to the tide-lands at San Pedro and in that vicinity. In other words, I still completely concur in the views of Mr. Justice Henshaw expressed in the dissenting opinion in *People* v. *Southern Pac. R. R. Co.*, 166 Cal. 621, [138 Pac. 94].

Lorigan, J., concurred.