[L. A. No. 3501.   Department Two.—November 19, 1915.]

## MIRA HERSHEY, Appellant, v. LOS ANGELES PACIFIC COMPANY (a Corporation), Respondent; SILAS H. PALMER et al., Defendants.

RIGHT OF WAY — CONSTRUCTION OF CONTRACT — INTENT — TRESPASS — SPECIFIC PERFORMANCE—FINDINGS SUPPORTED BY EVIDENCE.—In an action for trespass and for an injunction by plaintiff as tenant in common of a tract of land adjoining another tract owned by plaintiff in severalty against a railway company for trespass in building its railroad on the first named tract, in which defendant set up a contract to deed a right of way and a cross-complaint praying for specific performance of the contract, contending that it referred to both parcels, it was held that the intention of plaintiff as expressed in the language of the deed here shown was to grant a right of way across both parcels, and this finding as to intention is supported by the evidence here shown of the circumstances surrounding the execution of the contract.

ID.—EVIDENCE AS TO INTENT.—In such an action evidence of the facts and circumstances surrounding the execution of the contract, and of the grantor's understanding of it when she executed it, are admissible; but evidence of the undisclosed intention of the grantor to convey a right of way across only the parcel owned by her in severalty was properly rejected.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, Wheaton A. Gray, Flint, Gray & Barker, and Lynn Helm, for Appellant.

J. W. McKinley, A. W. Ashburn, Jr., and John D. Pope, for Respondent.

HENSHAW, J.—Plaintiff sued defendants for damages resulting from a continuing trespass by the defendants upon plaintiff's land in entering thereon and in building and constructing a railroad thereover.  Further plaintiff sought a perpetual injunction restraining further trespass.  The defense rested upon a written contract by plaintiff to defendant

corporation to grant a right of way across the lands of plaintiff for the construction and maintenance of the railway, its efforts to build which resulted in this action. The defendant Palmer was but an agent of the railway corporation in the matter of this construction.

Before the interference with plaintiff's land plaintiff had entered into a written contract with the defendant corporation, of which the following are the essential provisions:

"That said party of the first part, for and in consideration of the sum of ten dollars ($10.00) to her in hand paid by the said party of the second part, receipt whereof is hereby acknowledged, hereby covenants and agrees to deed to said party of the second part, on its demand therefor, a strip of land fifty (50) feet wide, being twenty-five (25) feet on each side of the center line of the right of way for an electric railroad, as it is hereafter located by said party of the second part, and also such additional land as may be necessary for slopes to cuts and fills, over and across the property owned by said party of the first part in what is known as Cahuenga Pass and on both sides thereof, in a general northerly and southerly direction, provided that said road is located as near as practicable to the county highroad, and providing further that if said railroad is not constructed over and across said lands within five years after the date hereof, said land so deeded shall revert to the grantor."

Defendant corporation, by way of answer, set up the terms of this agreement and averred full performance of them, and further averred the same facts by way of cross-complaint, praying for specific performance of the contract to convey. The execution of this contract is admitted, but it appears that Cahuenga Pass, referred to in the contract, extends in a northerly and southerly direction; that plaintiff owned in severalty a tract of land of about 160 acres, lying on the southerly side of the summit or divide of this pass, and owned in common with other tenants a tract of land on the northerly side of this summit or divide. Her contention is that it was only a right of way over her southerly land which she designed to grant. Upon the part of defendant and cross-complainant it was insisted that her contract covered and was designed to cover a right of way over all of her lands. The court, with the evidence before it, construed the contract to mean, and as intended by the parties to it to mean, an agreement by plaintiff

to convey the described right of way over both her pieces of property. So amply sustained is the finding of the court in this regard that it may not here be overthrown, and indeed there is no reason for overthrowing it.

It is contended, however, that the court fell into serious error in rejecting the evidence of plaintiff concerning the land which she "intended" her agreement to apply to. The objection to this line of inquiry was that such evidence of intent was directed to a concealed fact—the undisclosed state of plaintiff's mind; that it was permissible for plaintiff to testify to the facts attending and surrounding the execution of the contract and to her understanding of the contract when she executed it, but that it was not proper to allow her to testify as to her undisclosed intent. The court sustained this position. Appellant, referring to the familiar equitable principle that the granting or withholding of specific performance is within the discretion of a chancellor and that specific performance will be decreed only under equitable circumstances, quite regardless of the express terms of a contract, cites numerous cases where this principle is announced, together with the other one equally familiar, that in suits for specific performance, or indeed in any suit to enforce a contract or to recover for its breach, parol evidence may be admitted to show that by reason of fraud, accident, surprise, or mistake the contract does not truly present the actual agreement of the parties. All of this is quite in consonance with the provisions of our own codes and in especial with section 3391 of the Civil Code. But here no attempt is made to avoid the contract upon the ground of fraud, accident, surprise, or mistake. Plaintiff's assertion merely is that the contract did not embrace her lands north of the Cahuenga Pass divide. When she was allowed to testify, as she was, to all of the facts surrounding the execution of the contract and to her understanding of the contract when she executed it, which understanding she plainly announces to be her conviction that she was contracting only as to a right of way over her southerly 160 acres, she had stated everything which equity countenances and permits. Everything touching her "intent" which was permissible in evidence was thus given and was thus before the court. There will be found in the cases language where the "intent" of a party in executing a contract is used as synonymous with the "understanding" of a party

of the meaning of a contract which he is entering into. When the word "intent" is thus employed the courts do frequently say that under the indicated circumstances where specific performance is sought and where fraud, accident, mistake, or surprise is relied upon, the objecting party should be allowed to testify to his intent. But this does not mean that in such cases some secret purpose, object, aim, or end of the party may be given in evidence. The inquiry touching the intent is as to what the party intended to do in executing the contract, and that inquiry is fully covered by the admission of evidence as to the meaning of the contract and the understanding of the contract which the party had when executing it. All of this evidence was freely admitted.

The court finds, as has been said, from all the circumstances of the case that Miss Hershey did intend to contract for a right of way over her northerly property and that this intent was her understanding when the contract was entered into. In an able opinion which the court files in deciding the case it points out, beside the positive testimony of witnesses, many most persuasive circumstances showing such to have been the plaintiff's understanding and intent. At the time she executed this contract she was accompanied, for the purpose of urging her to execute it, by those who were her tenants in common in the tract in question, tenants in common who themselves subsequently executed like contracts of grant. The condition touching the county road and the flat land likewise impelled the belief that the contract applied to lands north of the divide. And finally the court adverts to the fact that all of the land owners in the district, including the plaintiff, were most desirous that the railroad should be built, and that in fact the construction of the road has enhanced the value of plaintiff's property from fifty to one hundred per cent.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.