[Civ. No. 8942. Second Appellate District, Division Two.—March 31, 1933.]

In the Matter of the Estate of DANIEL E. WATTERSON, Deceased. PATER WATTERSON et al., Respondents, v. WILLIAM H. BRADSHAW, Administrator, etc., Appellant.

John F. Poole for Appellant.

Barry Sullivan for Respondents.

CRAIG, J.—Upon petition for an order revoking letters of administration issued to the appellant upon the estate of Daniel E. Watterson, deceased, an order granting the same was entered after trial of the issues presented, from which order said administrator appealed.

During the lifetime of Daniel E. Watterson the appellant became the executor of the last will and testament of Annie Watterson, deceased wife of the former. Thereafter by contract in writing the surviving spouse assigned to said William H. Bradshaw all his right, title and interest in and to said estate arising from her will or by reason of the marriage relation, in consideration of $1,000 then paid in cash, and $5,000 to be paid in three consecutive annual installments. The parties agreed that should Bradshaw sell certain real property of said estate the two final installments should be paid in advance without interest if the proceeds should prove sufficient; and that "this is in full

settlement of all claims of every kind and nature against said William H. Bradshaw, either personally or as executor and against said estate, and the property, real or personal, belonging thereto''. Thereafter, upon the decease of Daniel E. Watterson, the appellant was appointed administrator of his estate. About three years following this latter appointment the brothers and sisters of said last-mentioned deceased, respondents herein, as heirs at law petitioned the superior court that said letters of administration be revoked, that an amended inventory be required, and that they have judgment against Bradshaw for the sum of $5,000. By their petition and amendment thereto in opposition to affirmative allegations of the answer said heirs averred that on numerous occasions the filing of a petition for distribution had been requested, and that the administrator had failed and neglected to file an account; that he had wasted and mismanaged the estate and had not brought the same to a close. Subsequently by inventory and report it appeared that an automobile of Annie Watterson, deceased, had been sold by Daniel Watterson, that her real property was encumbered beyond its sale value, and that ''the matters concerning said will and said inheritance were settled between your petitioner personally and Daniel E. Watterson personally, and the matter was duly heard and considered'' by said superior court. The trial court in the instant proceeding found that pursuant to an order of court the administrator had filed said inventory, showing on hand the sum of $1,047.53, that the transactions represented by the above-mentioned contract had not become *res judicata,* and that the estate of Annie Watterson was not indebted to said administrator. It further found that the interests of William H. Bradshaw personally and as administrator were conflicting, that he had failed to account or to bring said estate to a close, and that it would be to the best interests of the estate that the letters of administration be revoked.

The findings of fact are set forth in full by appellant under a caption that the evidence was not sufficient to sustain them in whole or in part. And as specifications of error it is urged that the contract above described was inadmissible in evidence, that certain testimony relating to its terms was erroneously excluded, and that it was error below to hold that the administrator had not performed his

duties and that his letters should be revoked. ▊ Authorities to the effect that any question of fact once put in issue and determined cannot be contested in a subsequent dispute are of no avail here. Not alone did the prior controversy determine only that the automobile was sold by the decedent, that the contract was executed without duress in satisfaction of his claim against the estate of Annie Watterson, deceased, but the same was pleaded both as to its provision and alleged effect in the instant proceeding by the appellant's answer. Questions as to the separate or community status of the properties of Annie Watterson, deceased, as to the fulfillment or breach of said contract in the interest of Watterson's estate, or that the interests of the appellant were conflicting, were not previously determined.

▊ It is insisted that evidence offered tending to show an intention other than as expressed by said agreement should have been admitted. The appellant alleged that he would not have signed the same except under the belief that it was purely personal to himself and the decedent Watterson. Said contract was entitled: ''Settlement of all claims against estate,'' and concluded: ''This is a full settlement of all claims of every kind and nature against said William H. Bradshaw, either personally or as executor and against said estate, and the property, real or personal, belonging thereto.'' By his answer the administrator alleged that he ''would not have entered into said personal contract or agreement if it had not been for the belief and understanding that he was signing an agreement which was purely personal with said Daniel E. Watterson, and all liability or obligation thereunder ceased upon the death of said Daniel E. Watterson''. And, further, that said agreement ''that the same should be at an end upon the decease of said Daniel E. Watterson was made by said Watterson under his agreement and statement with said Bradshaw, that all his possessions, real and personal, should go to said William H. Bradshaw. In other words, said contract was made in lieu of a testament by said Watterson leaving his said property to said William H. Bradshaw.'' The offered testimony was in part: ''That said Daniel E. Watterson wrote out an agreement in Longhand setting down the points agreed upon between said Daniel E. Watterson and said William H. Bradshaw, as

they discussed the matter back and forth. That at said time said William H. Bradshaw stated to Daniel E. Watterson that he would sign this agreement if the agreement would be at an end upon his (Watterson's) decease; that it was purely personal to him (Watterson) and that there would be no liability or responsibility on the part of said Bradshaw to Watterson's heirs or relations.'' The appellant contends that this evidence was admissible as tending to show that the alleged contract did not contain the whole agreement, and that its true contents and intent had theretofore been adjudicated. ''When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases: 1. Where a mistake or imperfection of the writing is put in issue by the pleadings. . . . (Code Civ. Proc., sec. 1856].)'' The ''mistake or imperfection'' in effect asserted is, not that the questioned instrument embraced or omitted through oversight or inadvertence any identification, description or explanatory provision as to property or consideration; but that its object was testamentary and intended to convey all of Watterson's estate to Bradshaw personally to the exclusion of heirs, in return for property and moneys received through Bradshaw as executor from the estate of Annie Watterson, deceased, without accounting or decree of distribution. ■ Parol evidence of the intention of parties may be received to clear up an ambiguity by reason of which such intention is not definitely expressed. (*Redondo First Nat. Bank* v. *Spalding*, 177 Cal. 217 [170 Pac. 407].) But evidence of a real intention other than that clearly expressed in writing is not admissible. (*Hershey* v. *Los Angeles Pacific Co.*, 171 Cal. 253 [153 Pac. 230].) It must be such as tends to explain or interpret the language used. (*Wilmarth* v. *Pacific Mutual L. Ins. Co.*, 168 Cal. 536 [143 Pac. 780, Ann. Cas. 1915B, 1120].) Otherwise it falls within the rule forbidding the introduction of parol evidence to vary, contradict or defeat a written instrument. (*Cheda* v. *Bodkin*, 173 Cal. 7 [158 Pac. 1025]; *Arnold* v. *Arnold*, 137 Cal. 291 [70 Pac. 23].) One may be permitted to show the situation of the parties, surrounding circum-

stances and such matters of fact as tend to place the court in the situation of the parties; but objections to evidence as to their intentions or as to the meaning or legal effect of the writing were properly sustained. (*Paige* v. *Atkins,* 112 Cal. 401 [44 Pac. 666].)

██ The revocation of letters testamentary or of administration lies within the sound judicial discretion of the trial court, and where minds might differ upon conclusions to be drawn from the evidence its decision is conclusive. (Probate Code, secs. 521, 523; *Estate of Healy,* 137 Cal. 474 [70 Pac. 455].)

Of course, we are not called upon to rule that the evidence offered and excluded would not be admissible in an action to reform the contract between Watterson and Bradshaw. This is not such an action and in this probate proceeding the testimony was properly ruled out.

The finding upon the quoted allegations of extrinsic agreements of the parties to the contract was that the same were untrue. We cannot hold as a matter of law in the absence of legal evidence to the contrary that such finding of fact was erroneous.

The order revoking said letters and the resultant judgment are affirmed.

Works, P. J., and Archbald, J., *pro tem.,* concurred.