[Civ. No. 21971.   Second Dist., Div. Three.   Apr. 29, 1958.]

Estate of LEO JOHN MEYERS, Deceased.   FLORENCE MORRIS et al., Appellants, v. MICHAEL S. BERMAN, as Administrator, etc., et al., Respondents.

A. A. Rotberg for Appellants.

Sydney Tannen and Wright, Wright, Goldwater & Wright for Respondents.

WOOD (Parker), J.—Florence Morris and Muriel Meyers, who are daughters of Leo John Meyers, deceased, filed a petition for the removal, and for the suspension of the powers, of Michael S. Berman as administrator of the estate of said deceased. Nathan Morris, the husband of Florence, was nominated by Florence and Muriel as administrator of said estate. Anne Meyers, the surviving wife of said deceased, filed a petition for appointment of herself as administratrix of said estate, in the event Michael is removed as administrator. The petitions were denied "and dismissed." Florence, Muriel, and Nathan appeal from that order.

Prior to the filing of the present petition, Muriel filed a petition for the removal of Michael as administrator. That petition was granted. On the appeal therein, the order was reversed. (*Estate of Meyers*, 130 Cal.App.2d 145 [278 P.2d 471].)

The petition for removal and suspension of the powers of Michael, as administrator, alleges: Michael filed an inventory wherein he listed property of the appraised value of $900; he did not list therein certain separate property of Leo, the apparent title to which was in the names of Leo and Anne as joint tenants, or in the names of Leo, Anne, and Michael as joint tenants; he did not list, in the inventory, property which was acquired with the proceeds of Leo's separate property; creditors' claims in the sum of $1,737.12 have been filed and approved, and the amount of approved claims exceeds the appraised value of the property listed in the inventory; Michael either converted to his own use the automobile which was the property of Leo, or he allowed Anne to sell the automobile and to retain the proceeds; at the time of his death, Leo owned certain separate property in addition to grant deeds and other documents and had deposited them in the property listed in the inventory; Leo had signed certain escrow in connection with the contemplated acquisition of a 72-unit apartment building by Leo, Anne, and Michael, as joint tenants; after Leo's death, Michael and Anne used those deeds and documents to acquire deeds which purported to convey said apartment building to Anne and Michael as joint

tenants; on September 10, 1952, petitioners (Florence and Muriel) commenced an action against Anne, Michael, and Michael's wife Audrey, whereby petitioners sought (1) to set aside, on the grounds of fraud and undue influence, the purported conveyances under which Anne, Michael, and Audrey claimed to have acquired title to "said real property," and (2) to declare a trust, and (3) for an accounting; on the trial of that action the court found that Anne, in order to defraud Leo, Florence, and Muriel, and to get Leo's separate property for herself and Michael, unduly influenced Leo to execute conveyances and to accept conveyances which purportedly conveyed title to Leo, Anne, and Michael as joint tenants; on November 1, 1955, a judgment was entered in that action setting aside the purported conveyances and adjudging that the properties belong to the heirs of Leo and should be administered in his estate; the judgment also provided that the representative of Leo's estate should recover from Anne and Michael $66,588.74, subject to administration in Leo's estate; Anne, Michael, and Audrey appealed from the judgment, and the appeal is pending; Leo's estate is the beneficiary of the judgment and it is the duty of the administrator to "defend the appeals"; Michael, individually, and Anne and Audrey are judgment debtors and "appellants from a judgment" rendered in favor of Leo's estate, and Michael is disqualified by such conflict of interest from continuing to act as administrator and he should be removed; Michael is incompetent to act as an administrator of an estate having rental income properties; after Leo's death, Michael collected all rents from said property; he has not kept books of account or formal records of receipts and disbursements of rents and he has permitted original records of rents received to become lost and destroyed; Michael has failed to deposit, in a bank account maintained for that purpose, rentals from the property, and he appropriated "proceeds from the rental" of the property to his own use, although the property was in need of repair, and although trust deed installments were not currently paid and the property was in danger of being lost by foreclosure; Michael did not utilize all the rentals for maintenance of the property or for paying installments on trust deeds.

When the present petition came on for hearing, Michael, the administrator, and Anne, the surviving wife, objected to the introduction of any evidence on the ground that the matter is res judicata. They also made a motion that the petition be

dismissed upon the grounds that it does not state a cause of action, "it is res judicata," no justiciable issues are presented by it, and no facts are stated therein which warrant the removal of the administrator.

The trial judge stated that it appears that the decision on the former appeal "must be classed as being res judicata on this subject to the extent that there are no facts, other than the facts which could have been presented at the time the other petition was heard . . . . Here certain facts are now alleged which were known, or should have been known to the petitioners at the time they filed the other petition, and should then have been included in such petition . . . and the failure to do so would still make the case res judicata upon the facts which were then existent, and it would only go into the realm of not being res judicata with respect to any facts which transpired subsequent to that date. It appears, and the Court [trial court] has been advised by counsel, that Judge Nix [trial judge in the action to set aside deeds] has found and entered judgment to the effect that the joint tenancy deeds which are involved are void and by virtue of that fact the property is estate property." The trial judge also said that the fact as to rendering of judgment could not have been stated in the former petition, but that "the claim that such activities had occurred [activities which allegedly were the basis for the judgment] could have been set forth in the petition as a ground for removal, but that was not done." The judge, after stating that he understood that a receiver had been appointed, asked the attorneys for the parties herein if a receiver had been appointed. The attorneys replied in the affirmative. The judge said that the facts stated herein were insufficient to warrant the removal of the administrator, and that the petition would be denied.

The minute order states that the petition of Florence and Muriel, for removal of administrator and for suspension of his powers, is denied; and that all other petitions are dismissed. The formal order, signed by the judge, states that the petition of Florence and Muriel for removal of the administrator and for suspension of his powers, and the petition of Nathan Morris for letters of administration, and the petition of Anne for letters of administration, are denied and dismissed.

Appellants contend that their petition for the removal of the administrator shows that Michael is not qualified to be

the administrator. They argue that their petition shows that there is a conflict of interests between Michael, individually, and Michael, as administrator, in that there is a judgment against Michael and Anne, his mother, to the effect (1) that certain properties in which Michael and Anne claimed interests as joint tenants were properties of Leo's estate, and (2) that the representative of Leo's estate should recover $66,588.74 from Michael and Anne (as rents and profits received by them from the joint tenancy property). Appellants also argue that their petition shows a further conflict of interests between Michael, individually, and Michael, as administrator, in that Michael and his mother have appealed from said judgment. They argue further that the matters decided upon the former appeal are not res judicata; that the present petition shows that, after the determination of the former petition, judgment had been rendered against Michael and Anne in the action which was pending against them when the former petition was heard; that the judgment was based on fraud and undue influence; that Michael failed to keep books of account, failed to use rental income for the protection of the joint tenancy property, and used grant deeds and an assignment of a trust deed for his own benefit. (It is to be noted that the present petition states the court found that Anne, in order to defraud Leo and his daughters, unduly influenced Leo.)

In the former petition the alleged ground for removal of the administrator was that he had neglected the estate and had neglected to file any inventory or to perform any other act in connection with the administration. In the opinion on the former appeal it was said (p. 147) that the findings with respect to the adverse interests of Anne and her alleged influence over Michael were not, in view of the evidence, a sufficient ground for removal of Michael as administrator. Also, in that opinion it was said (p. 147) that the attorneys for the parties had advised the court that there was a pending suit in equity commenced by Muriel and Florence against Anne, Michael, and Michael's wife to set aside conveyances of property in joint tenancy upon the grounds of fraud and undue influence. In that opinion it was said (p. 149): "Without doubt appellant intended to support the claims of his mother as well as the claims of himself and his wife to joint tenancy interests in the real property, but this fact did not warrant his removal as administrator. His inaction to assert claims

on behalf of the estate against his mother and his wife and his natural unwillingness to surrender his own claims to joint tenancy interests interfered in no manner with the prosecution of the claims of Mr. Meyers' daughters made on behalf of themselves and the estate.'' It was also said therein (p. 149) that a person holding property in joint tenancy with a decedent is not ''for that reason alone unfit to act as executor or administrator of the estate of the deceased joint tenant. . . . It is a factual question depending upon the circumstances of the particular case. The law does not say that a surviving joint tenant may not act as the administrator. . . . To be sure there may be circumstances which would warrant the court in denying the right of administration to a surviving joint tenant but there would have to be a showing of real necessity. The mere fact of the existence of joint tenancy ownership of the decedent and the survivor in property which but for the joint tenancy would have devolved upon the estate does not meet the requirement either in law or in fact.''

Appellants state in their brief that the principal facts upon which the removal of the administrator is sought, or the suspension of his powers requested, are ''based on the judgment which was rendered'' against the administrator, his wife, and his mother in the action to set aside the alleged joint tenancy conveyances. When the former petition was heard, that action was pending in the trial court. On the appeal from the order made on the former petition it was held in effect, as above indicated, that the mere pendency of the action regarding the alleged joint tenancy interests did not warrant the removal of the administrator. When the present petition was heard, a judgment in said action had been rendered against the administrator, his wife, and his mother. An appeal from that judgment was taken, and the action is still pending. There is an indefinite allegation in the present petition with reference to the alleged conversion of the automobile. It appears, however, that the automobile is listed in the inventory. ▮ The trial judge possesses a wide discretion in determining whether the facts of a particular case warrant the removal of an administrator. (*Estate of Palm*, 68 Cal.App.2d 204, 211 [156 P.2d 62].) ▮ In view of the opinion on the former appeal, and since the action against the administrator was still pending, and the trial judge possesses a wide discretion in such matters, and the property in controversy is in charge of a receiver, it cannot be said that the trial court erred in its ruling.

The order is affirmed, without prejudice to a subsequent application.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied May 15, 1958, and appellants' petition for a hearing by the Supreme Court was denied June 25, 1958. Schauer, J., was of the opinion that the petition should be granted.