WARNE, J. pro tem.*
This is an appeal from a judgment denying appellant’s petition for disqualification of the executor and trustee of the estate of Evelyn Dierssen Ross, deceased, on the ground of mismanagement and waste of estate properties, and also from an order settling the final and supplemental account of the executor and the decree of final distribution of the residue of said estate to said executor, in trust, to be held by him for and upon the uses and trusts contained in decedent’s will.
Appellant is the surviving brother of decedent and aside from some comparatively small bequests the other residuary legatees are his mother and his brother.
The decedent died on April 2, 1956, leaving an estate valued at over $2,500,000, including certain farm land near the mouth of the San Joaquin River, commonly known as the Dierssen Ranch, appraised at $60,000.
In his petition, the appellant contended that the said Dierssen Ranch had been mismanaged by the executor, and that waste had been committed thereon by the executor in the following particulars:
(a) That the executor had employed and continues to employ one Joe Nassano, as “foreman” and that said Joe Nassano was an individual known to the executor to be inefficient, unattentive to duty, frequently absent from the property in question, and unskilled in farming practices.
(b) That said “foreman” was permitted, by the executor, to mistreat farm equipment, permitting the said equipment to *767 deteriorate in value, become inefficient and unusable for the purpose for which it was purchased.
(c) That the refusal of the executor to expend estate moneys for the purpose of purchasing replacement farm equipment although he was advised to do so, resulted in substantial loss to the estate.
(d) That the executor in permitting the mechanical farm equipment to fall into a state of disrepair was required to expend money to cause repair which would not have been necessary had the normal care of the machinery been maintained.
(e) That the executor had known that the land, constituting a portion of said Dierssen Ranch, had a high salt content, and he further knew that the use of irrigation water upon the land would eliminate the said salt content. Nevertheless, with this knowledge, together with the knowledge of an existing water easement, he failed to provide the necessary direction to cause the flooding of the property in question, resulting in a failure of a large portion of land to produce saleable crops.
(f) That the executor permitted the summer crop of 1957 to remain unprotected from the weather, although he knew of the condition of the storage of the crop, with the result that the unprotected crop was damaged by rain.
(g) That the executor permitted the said foreman to use estate motor vehicles for private purpose.
(h) That the executor was unable to account for some 58 tons of grain harvested in the summer of 1957.
The trial court found:
“2. That during the course of administration of the estate of said Evelyn Dierssen Ross, the said Harold Robinson did not, has not and is not now wasting said estate, nor has said Harold Robinson mismanaged the same in whole or in part nor is he presently mismanaging said estate in any manner whatsoever;
“b) That said Harold Robinson has employed and presently does employ as a foreman on said ranch, one Joe Nassano; that said Joe Nassano at no time has been nor is he now an individual known to said Harold Robinson, or otherwise, as one who would not accept responsibility, nor is he one who is frequently located during working hours at nearby saloons, nor one who frequently, or otherwise, is absent from the estate property above described for protracted periods of time; that the said Joe Nassano, on the other hand, was and is a reasonably ade *768 quate ranch foreman; that he has been in the employ of the decedent for the period of 18 years prior to her death, handling and managing said ranch involved herein • that he knew and knows the condition of the ranch and the condition of the equipment on the ranch, and at' all of said times has been and now is a person able to manage and conduct the affairs of said ranch as foreman; that the activities of said foreman have not been inefficient or wasteful or inadequate nor has he followed unskillful farming practices, or no farming practices at all; that no obnoxious weeds have grown or spread, nor has harmful vegetation grown on said ranch properties to any greater degree than said vegetation and growths were growing during the period of time that decedent operated said ranch, nor have any of the acts or conduct of said Joe Nassano or of the executor caused any inadequate or insufficient or improper drainage facilities on said ranch nor has anything of said nature done and performed by said Joe Nassano or said executor resulted in destruction in whole or in part of planted crops by inundation during the rainy seasons of the year, nor have they resulted in poorly timed harvesting attempts in such fashion, or in any such fashion as to destroy much or any of the crop or proposed crops to be grown thereon, nor has there been any failure to harvest large sections of said ranch due to any acts or conduct of the said Joe Nassano or said executor during the administration of said estate, all to the damage of said estate in the amount of $20,000, or in any sum or otherwise, or at all; that all of the conditions as to drainage, moisture and weed growth mentioned in said petition existed at the time of and long before the death of said decedent and were not in any manner caused or aggravated by any act or conduct of said Joe Nassano or of said executor, and the expense to alleviate this condition would be out of proportion to the benefits to be obtained by the estate.”
As to the remaining allegations of waste and mismanagement complained of by appellant in his petition the trial court, in effect, found that said allegations were untrue.
 Viewing the evidence in the light most favorable to the respondent, as we must on appeal (Crawford v. Southern Pacific Co., 3 Cal.2d 427, 429 [45 P.2d 183]), we are satisfied that there is substantial evidence to sustain the trial court’s findings and the judgment. Hence, we find no merit in appellant’s first contention that the findings of fact are contrary to the “overwhelming weight” of the evidence produced before the trial court.
*769 The record shows that virtually all of Ute conditions on the ranch property in question, which appellant attacks as wasteful, existed during the decedent’s lifetime and have not been materially changed or aggravated during the short time that respondent has been in charge thereof as the executor of said estate. True, by an expenditure of between $20,000 and $30,000 for extensive improvements and the purchase of new farm machinery and implements a greater production could be obtained from the ranch property. However, since the ranch has a value of only $60,000 we feel that the respondent executor was justified in not making such expenditures upon the ground that such would be economically unsound. The record further shows that respondent has consistently farmed this ranch in the same way the testatrix did during her lifetime.
Nor is there any merit in appellant’s next contention that “The findings of fact constitute error in that they demonstrate the court’s bias in favor of the executor and against the appellant.”
In Estate of Palm, 68 Cal.App.2d 204, 211 [156 P.2d 62], the court said:
“The probate court possesses a wide discretion in determining whether the facts of a particular case warrant the removal of an administrator. Except for a clear abuse of that discretion, its order either removing an administrator for violation of his trust, or refusing to do so, may not be interfered with on appeal. That rule is applicable even though the evidence is of such nature that reasonable minds would differ regarding the facts. (Estate of Healy, 137 Cal. 474 [70 P. 455] ; Estate of Watterson, 130 Cal.App. 741 [20 P.2d 772]; 11A Cal.Jur., see. 283, p. 403.) ” (See also Estate of Meyers, 159 Cal.App.2d 764, 769 [324 P.2d 597]; Luckey v. Superior Court, 209 Cal. 360, 370 [287 P. 450].)
Further, the decedent performed a “solemn act” in appointing respondent as her executor and the probate court should not annul her selection “except upon a clear showing that the best interests of the estate require it.” (Estate of Sherman, 5 Cal.2d 730, 744-745 [56 P.2d 230].) Certainly, in view of the rundown condition of the farm land in question and the farm machinery and implements, and the fact that it would cost almost half of its total value to bring it into a condition in which it might be profitable, we fail to see wherein it may be justly said that the trial court abused *770 its discretion in refusing to remove respondent from Ms executor sMp.
Appellant also contends that the trial court demonstrated bias in finding “that if any losses were sustained [to the Dierssen Ranch] through error of judgment or otherwise, the same were caused by the acts or omission of said George E. Dierssen.” While it is true that the record will probably not sustain this finding (the record discloses that appellant was only employed in a general capacity by the executor because the decedent had desired it, and that he had no authority over the ranch), still in the light of the decision which we have reached hereinabove we feel that such findings may be disregarded as mere surplusage. Appellant's argument that such finding shows that the trial court was biased in behalf of the executor is unsupported by any pertinent authority and we dismiss it as frivolous.
Finally, appellant contends that the trial court erred in its final order settling accounts, in that it reserved jurisdiction to make further allowance for attorneys’ fees for “services rendered and to be rendered in connection with the trust and in defense of decedent’s appointment of trustee. . . .” The probate court has continuing jurisdiction over this testamentary trust and its order was proper. (Estate of Smead, 16 Cal.2d 204, 206 [105 P.2d 589] ; Prob. Code, § 1120.)
The judgment denying appellant’s motion for disqualification of the executor and the order settling the final and supplemental account, and the decree of final distribution, are and each is affirmed.
Van Dyke, P. J., and Schottky, J., concurred.

 Assigned by Chairman of Judicial Council.