[No. 13875. Department One. — October 18, 1890.]

86  179
s110 606

IN THE MATTER OF THE ESTATE OF HENRY WELCH, DECEASED.

ESTATES OF DECEDENTS — REMOVAL OF ADMINISTRATOR. — While it is the duty of the courts to protect carefully the interests of estates, the rights of those who are appointed to take charge of and manage them should not be overlooked, and an administrator should not be removed except for good and sufficient cause.

ID. — INSUFFICIENT GROUNDS FOR REMOVAL — PAYMENT UPON FORGED ORDER — MINGLING PROPERTY OF ESTATE. — The court is not justified in removing an administrator and revoking his letters, on account of the

payment of money to an attorney for minor heirs upon a forged order of the court, where it appears that he had previously paid him money under an allowance of the court on advice of his attorney, and was led by the representations of the attorney for minor heirs to believe that the court would allow him a large sum, and had loaned him sums from his own money upon the faith of such representations, and advanced the remainder of the forged order out of his own money, which was not charged against the estate; nor can he be properly removed for mingling the property of the estate with his own, when it merely appears that he had the money of the estate on deposit in his own name in the bank, not having any money of his own in such bank, and the money of the estate being intact at the time of the order of removal.

APPEAL from an order of the Superior Court of the city and county of San Francisco removing an administrator and revoking his letters.

The facts are stated in the opinion of the court.

*John T. Greany*, for Appellant.

*Charles A. Sumner*, and *M. T. Moses*, for Respondents.

WORKS, J. — This is an appeal by an administrator from an order removing him from his trust and revoking his letters. He was first suspended by order of the court, and an attorney appointed to represent some non-resident heirs, who filed a petition for the removal of the administrator, charging him with neglect, incompetency, using the money of the estate to his own profit and advantage and to the injury of the estate, mingling the property of the estate with his own, to the danger and detriment of the estate; that his claims with respect to said estate were adverse to the estate; that he disobeyed, in letter and spirit, the lawful orders of the court; that he failed to account for money and property of the estate which came into his hands or under his control; that through his negligence and incompetency he paid out money of said estate upon a forged order to persons not entitled thereto; and that in each and all of said acts and omissions he had exhibited and shown his unfitness

and incompetency to be or to remain such administrator. The administrator denied each of the allegations of the petition, and upon a hearing he was removed and his letters revoked.

We have gone through all of the proceedings of the court, and the evidence at the hearing, as they appear in the record, and have searched in vain for any evidence or reason for removing the appellant from his trust. There are only two of the charges made in the petition that have even a semblance of evidence to support them, viz., that he paid out money of the estate on a forged order, and that he disobeyed the orders of the court. As to the first charge, the facts are these, as shown by the evidence: One Price was appointed by the court below to represent absent heirs. Subsequently the court made an order allowing him a fee of seventy-five dollars, as such attorney, to be paid by the administrator. The appellant, on the order being presented to him, applied to his attorney, and was advised that it was his duty to pay the amount. After this, Price, who was evidently a drunken and unreliable man, applied to the appellant for small amounts of money, representing that he was in need, and that he would be allowed a fee of from $750 to $1,000. On these representations the appellant let him have money until the amount ran up to $212.90. Price then applied to him, representing that the court had allowed him a fee of $350, and asking that he pay him the balance of the amount over and above what he had already received. This the appellant refused to do. He then said he would get an order of court, and subsequently came back accompanied by a man, who it was claimed was his uncle, and presented what purported to be an order allowing him a fee of $350. He was then in a state of intoxication. The appellant refused to pay the money to him in his then condition, but did pay it to his uncle. The order upon which the money was paid was a forgery.

It does not seem to us to be at all surprising that the administrator should pay the money under such circumstances. He had a right to presume that a member of the bar, who had the indorsement of the court in the form of an appointment to represent absent heirs in an important estate running away up in the thousands, would not commit a felony to procure the small sum of $137.10, the balance actually paid. He had already been advised that it was his duty to pay the attorney his fee on a similar order. Besides, the uncontradicted evidence shows that not a dollar of this money was paid out of the money of the estate, or charged against it. The appellant says that he let the attorney have the money paid before the order was presented, as a loan, out of his own money, and as a matter of charity, supposing that when an order was made allowing him a fee, he could withhold the amount advanced, and thus make himself whole; and that when the order was presented, he did withhold the amount already advanced, and paid him the balance out of his own money, supposing the order to be genuine.

As to the second of the charges, there were three promissory notes belonging to the estate, of ten thousand dollars each. The court ordered that these notes be deposited in the Bank of California for safe-keeping. They were so deposited. Subsequently the court made orders allowing the appellant to withdraw two of these notes. What for does not appear, and no subsequent order was made with reference to them. They were in fact withdrawn by the administrator for the purpose of collection. They were collected, and the money realized from them deposited in the same bank in his own name. He did not mingle the money with his own, as he appears not to have had any money of his own on deposit in that bank. He did deposit there two thousand dollars of the money of the widow of the deceased, at her request, and for safe-keeping. In all this there was no

disobedience to or violation of any order of the court, in its letter or spirit.

The only claim made is, that he should not have deposited the money in his own name, but it is apparent that he acted in perfect good faith, and without any intention of deviating from the orders of the court, or from his duty. Not a dollar of the money was ever drawn out by him, or used for his own purposes. It was shown to be on deposit in the bank, untouched, at the time he was removed. Surely there is nothing in either of these transactions that could justify an order of the court branding the appellant as either dishonest or incompetent!

The evidence to support the other charges is even less satisfactory, if possible, than that given to sustain those specially mentioned. While it is the duty of the courts to protect carefully the interests of estates, the rights of those who are appointed to take charge of and manage them should not be overlooked; and an administrator should not be removed except for good and sufficient cause. We are thoroughly satisfied that no such cause existed in this case. The appellant, as the proceedings of the court show, was proceeding to settle and close up the estate with reasonable dispatch, and in an entirely proper manner. He had a claim against the estate, but it was referred to a referee, who heard evidence and reported in favor of its allowance, except as to a small sum the disallowance of which in no way reflected upon the administrator. He paid seven hundred and fifty dollars to an attorney for the estate as a retainer, which was reported by him in his first account. This was also referred to a referee, who approved of his action, and there is no claim made that the amount paid was excessive. His account filed with the court was approved by a referee, except as to some small items not material or affecting the fairness or integrity of the administrator. Each and all of these reports of the referee

were approved by the court. We find, on the whole, that there was no just cause or reason for the order removing the administrator and revoking his letters.

Order reversed.

Fox, J., and PATERSON, J., concurred.

Hearing in Bank denied.