[S. F. No. 2300. In Bank.—December 24, 1901.]

In the Matter of the Estate of THOMAS BELL, Deceased. GEORGE STAACKE, Appellant, v. TERESA BELL, Respondent.

ESTATES OF DECEASED PERSONS—REMOVAL OF EXECUTOR—MISMANAGE-MENT AND NEGLECT OF ESTATE—AGENCY FOR MORTGAGEE.—An exec-utor may be removed for mismanagement and neglect of the estate, where it appears that he assumed conflicting duties, as the agent of a mortgagee and as executor of the estate, and the court found, upon substantially conflicting evidence, that the mortgaged property was worth twice the amount of the mortgage, and that the executor should not have permitted the foreclosure and sale of the property to the mortgagee.

ID.—DEFEAT OF WILL—PROTECTION OF THE ESTATE—DISCRETION—AP-PEAL.—The probate court should not defeat the will of the testator in the appointment of an executor for light or trivial causes, and only when necessary for the protection of the estate; but its discre-tion in determining the existence of such necessity will not be inter-fered with on appeal, unless a clear abuse of discretion is made to appear.

APPEAL from an order of the Superior Court of the City and County of San Francisco removing an executor. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Sidney V. Smith, for Appellant.

T. Z. Blakeman, for Respondent.

McFARLAND, J.—This is an appeal by George Staacke from an order of the superior court, sitting in probate, remov-

ing him as executor of the last will of Thomas Bell, deceased. The order appealed from was made after a hearing of the petition of Teresa Bell, widow of the deceased. The petition sets forth about a dozen grounds for removal, eight of which were found in favor of the petitioner.

As we think that the finding II—concerning appellant's conduct with respect to property of the estate known as the Laguna Rancho—is sufficient to warrant the order of removal, we do not deem it necessary to discuss in detail the other findings; although it is proper to say generally of these other findings, that some of them are not justified by the evidence, and that others do not furnish sufficient legal ground for the removal of the executor. And we do not think that the evidence justified any finding of fraud or corrupt conduct on the part of executor. The facts found in said finding II are sufficient, we think, to warrant the conclusion of the court below that the executor should be removed for mismanagement and wrongful neglect of the estate, within the meaning of section 1436 of the Code of Civil Procedure. The evidence which supports the findings on which the conclusion of mismanagement and neglect were founded is no doubt quite conflicting; but it was not so one-sided as to warrant us in setting these findings aside. The position of appellant with respect to the Laguna Rancho was embarrassing from the start, and one which he should not have allowed himself to occupy. At the time of Bell's death, a Miss Thompson, who resided in New York, held a mortgage on the rancho for $50,000, and the appellant was her agent as such mortgagee, and continued to be such after he became executor; and his duties to her as such agent, and to the estate as executor, were necessarily to some extent conflicting. He informed her that the estate could not pay the mortgage, and wrote some things to her about foreclosure by her which the court finds to have been inconsistent with his duties as executor. She did foreclose,—no defense having been made to her action of foreclosure by the appellant,—and she purchased the rancho for the amount of the principal and interest due on the mortgage, which, with costs, etc., amounted to something over $58,000. The property was sold at public auction, and there was no other bidder. There was certainly considerable evidence that it could not have been sold for more than the amount of the mortgage,

and could not since have been sold for more than that amount, and that the estate lost nothing by the foreclosure and sale to the mortgagee; but the evidence on these points was conflicting, and we cannot disturb the finding of the lower court, that the property was worth $100,000, and that appellant should not have permitted the said foreclosure and sale to the mortgagee. There were also some other acts of appellant connected with the matter of this rancho—found by the court to have been improper—which need not be here mentioned. The fact that the court also found fraud against appellant does not affect the other grounds on which the order of removal rests.

The general principles, much discussed by counsel on both sides, which govern cases like this are not much in doubt; the difficulty is in applying them to a given case. A probate court should not defeat the will of the testator by removing his chosen executor for light or trivial causes, and particularly for matters which could be readily adjusted in the settlement of his accounts; it should be extremely careful in adopting a measure so harsh and severe. But, on the other hand, to the probate court is given, in the first instance, the supervision and protection of estates of deceased persons, with power, in the exercise of that supervision, to remove an executor when, in its discretion, such step is necessary for the protection of the estate; and that power is not to be interfered with by the appellate court, unless there has been a clear abuse of that discretion. In the case at bar we do not feel called upon to say that there has been such abuse.

The order appealed from is affirmed.

Temple, J., Garoutte, J., and Henshaw, J., concurred.

Van Dyke, J., concurred in the judgment.

Rehearing denied.