[Sac. No. 858. In Bank.—October 14, 1902.]

In the Matter of the Estate of MATTHEW HEALY, Deceased. ANNA McCABE THOMAS, Appellant, v. J. W. HOSSELKUS, Administrator, Respondent.

ESTATES OF DECEASED PERSONS—PETITION TO REMOVE ADMINISTRATOR—SUSPENSION—PROOF OF FACTS DENIED.—Upon a petition to remove an administrator, where all of the facts alleged as the grounds for removal were denied by the administrator, and the court, after hearing the evidence, found that the several charges of the petitioner were untrue, it had discretion to deny the application, and was not required before the hearing to make an order suspending the administrator until the truth of the petitioner's allegations should be established.

ID.—DISCRETION OF COURT—REVIEW UPON APPEAL.—The court has a very large discretion in determining whether, upon the facts presented to it, an executor or administrator appointed by it shall be suspended or removed, and unless it shall appear that such discretion was abused, and especially where the evidence is such that different minds might reach different conclusions thereon, the action of the trial court will not be reviewed upon appeal.

ID.—NEGLECT OF ALLEGED PROPERTY OF ESTATE—DOUBT AS TO OWNERSHIP—GOOD FAITH OF ADMINISTRATOR.—Where the administrator was charged with the neglect of certain articles of property alleged to belong to the estate, but the evidence is such as to leave it doubtful whether such articles ever belonged to the decedent, and it appears that the administrator had good grounds for believing that they did not belong to the estate, the court might properly hold that the question should be tried by some court having jurisdiction of the persons claiming the property, and was not required to revoke the letters of administration.

ID.—CONTEST AS TO DISTRIBUTION—ADMINISTRATOR NOT INTERESTED—ACTION OF ATTORNEY FOR ADMINISTRATOR.—The administrator has no interest in a contest over the right of distribution of the estate and is not required to intervene therein, and the attorney for the administrator may properly represent the claim of one who claims a contract with the decedent by which he is entitled to the distribution of the entire estate as against the heirs; and the administrator cannot be removed for retaining such attorney in his service.

APPEAL from an order of the Superior Court of Lassen County denying a petition to remove an administrator. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

A. A. DeLigne, and Albert M. Johnson, for Appellant.

Goodwin & Goodwin, and A. E. Bolton, for Respondent.

HARRISON, J.—The appellant filed a petition in the superior court for the removal of the respondent from the office of administrator of the estate of the above-named decedent and for the revocation of his letters of administration, upon the ground that he had mismanaged the estate and neglected his duty as administrator thereof, setting forth in her petition, as the facts upon which she made her charges, that he had allowed one Ulty McCabe to take from the property of the estate thirteen head of cattle, and had not sought to regain them; that he had neglected to collect the amount of a note of George F. Raker, secured by mortgage, belonging to the estate, and had allowed the same to become barred by the statute of limitations; that he had allowed certain fraudulent claims against the estate, and had procured an order for their payment without any notice to the heirs, and had paid the same; that he had conspired with Ulty McCabe and James McCabe for the purpose of depriving the other heirs of the deceased of their inheritance, and to that end had procured the said Ulty McCabe to institute an action against all the other heirs upon a pretended contract between him and the deceased; that no such contract was ever made, and that the claim of said Ulty McCabe is without merit, and that the administrator well knew said fact; that the administrator, though requested thereto, did not intervene on behalf of the defendants in said action; that he has aided and assisted said Ulty McCabe in said action, and has advised and cooperated with him in the prosecution thereof and the enforcement of his claim. The administrator filed an answer denying the several allegations and charges of the petitioner. After hearing the evidence offered upon the issues thus presented, the court held that the several charges of the petitioner were unfounded and untrue, and denied her application. From this order she has taken the present appeal.

When the matter came on for hearing the petitioner asked for an order suspending the powers of the administrator pending the investigation, and the denial of this motion is assigned as error. Section 1436 of the Code of Civil Procedure directs

that an order must be made, suspending the powers of an administrator whenever the judge "has reason to believe, from his own knowledge or from credible information," that the facts named in the statute as reasons for such order exist. This provision implies that the court is at liberty to examine and consider the "information" for the purpose of determining whether it is "credible" or affords any reason to believe in the truth of the facts alleged. If, as in the present case, each of those facts is distinctly denied by the administrator, the court is not required to make an order of suspension until the truth of the informer's allegations shall have been established.

The court by which an executor or administrator is appointed has a very large discretion in determining whether, upon the facts presented to it, the officer shall either be suspended or removed, and, unless it shall appear that such discretion has been abused, and especially where the evidence is such that different minds might reach different conclusions thereon, the action of the trial court will not be reviewed on appeal. In the present case, upon the issues involving the conduct of the administrator in respect to the thirteen head of cattle and the Raker note and mortgage, the evidence is such as at least to create a doubt whether they were ever the property of the decedent; and as it clearly appeared that the administrator had good grounds for believing that they did not belong to the estate, it cannot be held that the court was required to revoke his letters. The court might properly hold that the determination of this question should be made by a tribunal which could obtain jurisdiction of those claiming the property. The petitioner offered no evidence whatever in support of her charges that the administrator had improperly allowed any claims against the estate.

The main ground urged by the appellant in support of her petition is, that in the suit brought by Ulty McCabe the administrator did not seek to intervene or become a party thereto, and that when he ascertained that the suit was being prosecuted by the same attorneys as were employed by him in the administration of the estate he made no objection thereto, but continued to retain them as his attorneys for the estate.

The complaint in the action of Ulty McCabe is set forth in

the bill of exceptions, and under its allegations he seeks a judgment establishing that a contract was made between him and Matthew Healy in his lifetime, by which, as against the defendants in the action, he will be entitled, after the estate has been fully administered, to a distribution of all the property then remaining in the hands of the administrator. It is in effect a suit to determine a controversy between different heirs as to their respective rights of inheritance, and in such a controversy it is well settled that the administrator has no interest, but is a mere officer of the court, holding the estate as a stakeholder, to be delivered to those whom the court shall decide to be entitled thereto. (*Roach* v. *Coffey*, 73 Cal. 281.) The complaint sets forth no claim against the estate of the deceased or against the administrator, or against his right to retain the possession of the property during the administration of the estate, or against the application of any of the property in his hands to the purposes of such administration. Under section 387 of the Code of Civil Procedure a person may intervene in an action ''who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both.'' In the action of Ulty McCabe the administrator is not brought within either of these conditions, and there was therefore no ground upon which he would have been authorized to seek to intervene therein or justified in expending the money of the estate in defending the action against the plaintiff.

. The petitioner introduced no evidence tending to show that the administrator had aided or taken any part in the institution or prosecution of the action, or in any respect manifested any interest in the plaintiff's claim or in the suit. On the other hand, the testimony of the administrator was positive and direct to the contrary. The allegations of the petitioner in this respect, as well as those of a conspiracy between the administrator and the McCabes, or any agreement between them to deprive the other heirs of their inheritance, were wholly unsupported, and the only ground presented in support of the appeal upon this charge against the administrator is, that the attorneys of the administrator are also the attorneys of Ulty McCabe in his action. The mere fact, however, that they are acting as his attorneys in that action does not of itself incapacitate the administrator or indicate that he is

in any respect unfaithful to his trust. In a controversy between the heirs of a decedent upon a matter in which the administrator has no interest, and which does not affect his relation to the estate in his hands, the attorney for the administrator violates no obligation to his client by acting as attorney for one of the heirs as against the others. (See *Jones* v. *Lamont*, 118 Cal. 499.[1]) Correlatively, and for the same reason, the administrator violates no obligation to his trust by continuing to retain such attorney in his service. Whether the contract between Matthew Healy and Ulty McCabe had been made or not was no concern of the administrator, and did not affect his functions in the administration of the estate or his relation to any of its property in his possession. If in fact the contract was made as alleged in the complaint, Ulty McCabe had the right to have it enforced as against the other heirs. (*Owens* v. *McNally*, 113 Cal. 444.) And as the making of the contract was disputed by the other heirs, he had the right to institute an action for the purpose of establishing that fact, and for that purpose he was at liberty to employ as his attorneys the attorneys of the administrator. The right of one heir to contract with another for the conveyance of his inheritance is unquestioned, as is also the right to enforce such contract, and the attorney for the administrator of the estate is not precluded from acting as the attorney for its enforcement.

Upon the establishment of the fact that the deceased made the contract as alleged, the heirs are regarded as trustees of the estate, and will be compelled to convey the property in accordance with the terms of the contract. Their relation to the estate is thereupon the same in effect as if they had personally contracted to make such conveyance.

The provisions of sections 1597 et seq. of the Code of Civil Procedure have no application to the facts herein, inasmuch as the contract referred to in those sections must be "in writing," and by virtue of such contract the property affected by it is taken to be from the administrator, and not subjected to administration or distribution, whereas in the present case it is only after the administration has been closed that the contract can be made operative. Neither is the action a proceeding to determine heirship under section 1664 of the

[1] 62 Am. St. Rep. 251.

Code of Civil Procedure, since it proceeds upon the assumption that the heirship has been determined, and seeks merely a determination of their respective rights.

The order is affirmed.

Garoutte, J., Temple, J., and McFarland, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment of affirmance. In doing so I deem it unnecessary to decide the question whether Hosselkus, as administrator, was a necessary party to the action of Ulty McCabe against the heirs—a question vital to that case, but in my opinion not material here. He was at all events not made a party to that action, and no judgment therein rendered can affect his right to keep in his possession the whole of the Healy estate for every purpose of the administration. When he fully administers the estate,—collects the assets, pays the debts, settles his accounts, and turns over the residue for distribution,—he has performed his entire duty. He is not bound to defend, and has no interest in defending, an action which will in no wise impede him in the full discharge of his trust.

HENSHAW, J., and VAN DYKE, J., dissenting.—We dissent, and think that the order should be reversed.