[S. F. No. 11293. In Bank.—February 5, 1925.]

HAMILTON A. BAUER et al., Petitioners, v. FRANK R. WILLIS, as Judge of the Superior Court, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — ORDER REFUSING TO REMOVE EXECUTOR—APPEALABLE ORDER—CERTIFYING TRANSCRIPT.—An order refusing to remove an executor is in effect an order refusing to revoke letters testamentary which is appealable under section 963, subdivision 3, of the Code of Civil Procedure, and it is the duty of the trial judge in such a proceeding to settle and certify the transcript to be used upon appeal.

APPLICATION for Writ of Mandate to compel respondent to certify to a transcript on appeal. Writ granted.

The facts are stated in the opinion of the court.

Hamilton A. Bauer and Franklin Barton for Petitioners.

J. W. Morin for Respondent.

THE COURT.—This is an application to compel the respondent, as judge of the superior court in and for the county of Los Angeles, to certify a transcript to be used upon appeal from an order heretofore made and entered by said court. There is no controversy as to the facts herein, and it appears from the record that one of the petitioners herein heretofore filed a petition in said court in the matter of the estate of Emile Bauer, deceased, for an order restrain-

(1) 3 C. J., p. 574, n. 57.

ing the executors of the will of said deceased from selling and disposing of certain assets of the estate claimed to have been specifically bequeathed to petitioners. Thereafter another petition was filed therein by others of the petitioners herein, praying for the same relief, and in addition thereto asking for "the removal of said executors." A citation was issued, the matter came on for hearing before the court, and a hearing was had and evidence taken upon both of said petitions. Both of said petitions were thereupon regularly submitted to the court for consideration and decision, and thereafter the court made its order denying said petitions, which was in part as follows: "Wherefore, it is ordered, adjudged and decreed, . . . that the citation issued herein, be and the same is hereby dismissed, and the petition for removal of executors, be and the same is hereby denied." Said order also awarded costs in favor of the respondents therein and against the petitioners herein. Thereafter and within due time the petitioners appealed from said order, requested and procured a transcript of the testimony, etc., pursuant to section 953 et seq. of the Code of Civil Procedure, and presented the same to the respondent judge for settlement and certification. Respondent refused to settle or certify the same solely upon the ground that the said order was not an appealable order. Petitioners point to the fact that appeals from similar orders have been frequently entertained and acted upon without question by this court and by the district court of appeal, citing *In re Newell,* 18 Cal. App. 258 [122 Pac. 1099]; *Estate of Healy,* 137 Cal. 474 [70 Pac. 455]; *Estate of Bell,* 135 Cal. 194 [67 Pac. 123]; *Estate of Rathgeb,* 125 Cal. 302 [57 Pac. 1010]; *Estate of Welch,* 86 Cal. 179 [24 Pac. 943]; *Estate of Kelley,* 122 Cal. 379 [55 Pac. 136]. To this respondent replied that in none of these cases was the point argued as to whether or not an appeal was proper, "and in no case was the discretion of a trial court disturbed by a successful appeal." Respondent is correct in his first point but incorrect as to the second. In the *Estate of Welch, supra,* the order of the trial court removing an administrator was reversed upon appeal. It is true that the cited cases are not to be regarded as direct determinations upon the question of the appealability of an order removing or refusing to remove an executor or administrator. They are somewhat persuasive, however, in view

of the circumstance that some of them appear to have been vigorously litigated, and yet it does not appear that in any of them the appealability of the order was even questioned. [1] This question, however, is settled by the provisions of the statute (Code Civ. Proc., sec. 963, subd. 3). It is there provided that an appeal may be taken ''from a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration. . . . '' The removal of an executor of necessity involves and includes the revocation of his letters testamentary, and it follows that an order refusing to remove an executor is in effect an order refusing to revoke letters testamentary. It follows that the order involved herein is appealable to the extent that it denied the petition for the removal of the executors, and it was the duty of the respondent judge to settle and certify the transcript to be used upon such appeal.

It is therefore ordered that a peremptory writ of mandate issue herein as prayed.