[Civ. No. 3090.   Fourth Dist.   Aug. 3, 1943.]

Estate of CARL WITHINGTON, Deceased.   CALLIE
BELLE SWEITZER, Administratrix With the Will
Annexed, etc., et al., Appellants, v. LYSLE WOOD-
WARD WITHINGTON et al., Respondents.

Frank Pomeranz and Charles C. Crouch for Appellants.

Frank A. Gazlay, Mathes & Sheppard, Wm. C. Mathes and Kay Parker for Respondents.

BARNARD, P. J.—This is another appeal in the estate of Carl Withington, in which a decision involving the final account of the executor was this day filed. (*Estate of Withington, No. 2893 ante,* p. 87 [140 P.2d 482].) This appeal is from an order removing Callie Belle Sweitzer as administratrix with the will annexed of said estate.

Harriet LeMay died on April 15, 1942, leaving all her property to Callie Belle Sweitzer, who was appointed administratrix of her estate. She was also appointed administratrix of the Carl Withington estate. In August, 1942, the wife of Lysle Withington, to whom he had assigned all his interest in the estate of Carl Withington, filed a petition asking that Callie Belle Sweitzer as the administratrix of the Withington Estate be required to cite herself as administratrix of the estate of Mrs. LeMay to render a full account of all moneys, rentals or property received by Mrs. LeMay during her lifetime which belonged to the estate of Carl Withington. An objection to this petition was sustained on the ground that jurisdiction over the acts of Mrs. Sweitzer, as administratrix of the LeMay estate, is in the probate court of Kern County where that estate is pending.

Thereafter, another petition was filed seeking the removal of Mrs. Sweitzer as administratrix of Carl's estate. It was alleged, among other things, that Mrs. Sweitzer was represented by the same attorneys in her separate capacities as administratrix of Carl's estate, as one of the beneficiaries of that estate, as executrix of the will of Norma Withington who had also died, as sole beneficiary of that estate, as administratrix of the estate of Mrs. LeMay and as sole beneficiary of that estate; that Carl's estate has a claim for rents, issues and profits against the estate of Mrs. LeMay; that Mrs. Sweitzer, as administratrix of Carl's estate has failed in and has no intention of, proceeding with the enforcement of this claim against Mrs. LeMay's estate, which is alleged on information and belief to amount to more than $20,000, exclusive of interest; that this claim can be prosecuted and collected only by Mrs. Sweitzer in her capacity as administratrix of Carl's estate acting against herself in her capacity as administratrix

of Mrs. LeMay's estate; and that the various capacities of Mrs. Sweitzer are adverse and inconsistent.

At the hearing of this petition on September 4, 1942, the court pointed out that Mrs. Sweitzer, as the representative of Mrs. LeMay, was in the position of a trustee with respect to the Carl Withington estate; that she occupied conflicting and adverse positions in her various capacities; that it was to her personal interest to keep all property in the LeMay estate rather than have it turned over to the estate of Carl Withington; that her own statement in her affidavit in resistance to this petition disclosed that there could be no true adversary feeling in any type of litigation between her and the LeMay estate; that four months had gone by and no contingent claim had been filed by her against the LeMay estate; and that the time limit for filing such a claim was drawing near. The court then pointed out to Mrs. Sweitzer that she did not have to file a liquidated claim and that she could file a contingent claim so as to keep the LeMay estate responsible, whereas if she let the six months go by the claim might be lost. An order was then entered continuing the hearing and ordering Mrs. Sweitzer, as administratrix of Carl's estate, to file, within ten days, a claim for any moneys which might be due or to become due to the estate of Carl Withington by reason of moneys or property belonging to that estate which had gone into the possession of Mrs. LeMay during her lifetime.

Such a claim was not filed but on September 16, 1942, Mrs. Sweitzer filed an affidavit stating that she was unable to verify such a claim and for that reason could not comply with the order of the court without committing perjury and, further, that she was advised and believes that under the law of this state there is no obligation on the part of the administratrix of the LeMay estate to account for anything to the Withington estate.

On September 25, 1942, a further hearing was had on the petition for removal. At the conclusion of the hearing the court pointed out that the position taken by Mrs. Sweitzer would stop at the threshold any inquiry into the matters in question, that Mrs. Sweitzer had conflicting interests while representing both estates, and that there might well be a natural inclination on her part to keep the property in the estate in which she had a larger interest. An order was then entered removing her as administratrix with the will annexed of the

estate of Carl Withington. Mrs. Sweitzer, in her various capacities, has appealed from that order.

Insofar as the merits of this appeal are concerned, it is contended that the evidence received at the hearing was not sufficient to establish that the estate of Carl Withington had any lawful claim against the estate of Mrs. LeMay, and that it was an abuse of discretion to order the removal of the appellant ''because she was unwilling to commit perjury.''

With respect to the latter contention it may be observed that all that was required of Mrs. Sweitzer was that she file a claim within the time allowed in order to protect the interests of the other estate and it was made very clear to her that only a contingent claim need be filed. All that was required was that she set forth the facts and no element of perjury was involved. (*Elizalde* v. *Murphy*, 163 Cal. 681 [126 P. 978].) With respect to the power of removal possessed by the court in such a case section 521 of the Probate Code provides for such removal whenever a judge has reason to believe that mismanagement of the estate has occurred. In *Estate of Bell*, 135 Cal. 194 [67 P. 123], it was held, in effect, that an executor may be removed for mismanagement and neglect where he has an adverse interest and has assumed conflicting duties.

There can be no question here that the evidence was sufficient to show that the estate of Carl Withington had a real basis for a claim against the estate of Mrs. LeMay, and it clearly appeared from the evidence that Mrs. Sweitzer, as administratrix of both estates, had adverse interests as well as conflicting duties and obligations. Many of the facts were well known to the court as it had only recently completed a prolonged trial in the account proceedings in the Carl Withington estate, where much evidence was received which was pertinent and material here. A great deal of this evidence was pointed out and referred to at the hearing here involved and the parties hereto have stipulated that the record on the appeal in the account proceeding may be used as a part of the record on this appeal. It appears that Carl Withington at the time of his death owned an interest in certain real property in Kern County, as a tenant in common with his three sisters and his brother. The rentals from the common property averaged about $10,000 a year. For many years after Carl's death, Mrs. LeMay collected these rentals and in large part either kept the proceeds or gave portions there-

of to her two sisters. Only a small part of its share of these rentals seem to have been turned over to the Carl Withington estate. Mrs. LeMay testified in the accounting proceeding that she had collected these rentals, that she had kept no record because she was not required to do so by her brother and sisters, that she had never made an accounting for them, and that through the years she had kept this money except as she had given her sisters whatever they needed from time to time. She also testified that she had collected and kept three or four other amounts which would seem to have probably belonged to the estate of Carl Withington.

Assuming, but not holding, that certain affidavits and exhibits relied on by the appellant were sufficient to create a conflict in the evidence this is the most that can be said, and it clearly appears that the evidence is sufficient to sustain findings which would amply justify the removal of Mrs. Sweitzer as administratrix of the Carl Withington estate. A further consideration is that the record discloses that Mrs. Sweitzer was taking the position that she was not required to proceed in any manner against the estate of Mrs. LeMay on behalf of the estate of Carl Withington, that she had no intention of doing so if she could avoid it, and that she directly refused to carry out the order of the court in this regard. Without going into it more in detail it is sufficient to say, from a factual standpoint, that the evidence amply justified the order of removal. We are unable to see how the court could reasonably have reached any other conclusion.

Unfortunately, however, the court failed to make any findings whatever. This was held prejudicially erroneous in *Estate of Pendell*, 216 Cal. 384 [14 P.2d 506]. This requires a reversal of the order appealed from although the circumstances are such that no further hearing, as to the facts, is either necessary or desirable.

A special administrator of the estate of Carl Withington was appointed, upon the removal of Mrs. Sweitzer, and it is probable that many things have been done by him in that capacity. Should the court, after making findings, again desire to make an order removing Mrs. Sweitzer as administratrix of said estate, that order could well be entered *nunc pro tunc* as of the date of the order from which this appeal was taken, in order to preserve the status quo and to avoid further unnecessary proceedings.

The order of removal is reversed with directions to make and file findings, and to thereafter make and enter an appropriate order.

Marks, J., and Griffin, J., concurred.