[Civ. No. 17227. Second Dist., Div. Three. Apr. 25, 1950.]

Estate of VIOLA ELMO GUZZETTA. LULA M. PARTRIDGE, as Executrix, Appellant, v. STANLEY OWEN WILLIAMS et al., Respondents.

W. W. Comstock for Appellant.

Maurice Gordon, Harold W. Kennedy, County Counsel, and Henry W. Gardett, Deputy County Counsel, for Respondents.

SHINN, J. — Lula M. Partridge appeals from an order revoking letters of administration with will annexed which had been issued to her, and appointing the Public Administrator as her successor.

The order was made upon the petition of Stanley Owen Williams, a creditor of the estate and the chief beneficiary under the will, which alleged that Williams, Lula Partridge and one Carl Carter were named as legatees in decedent's holographic will dated August 11, 1947; testatrix died May 26, 1948; the will was admitted to probate on July 6, 1948, and Lula Partridge was appointed administratrix with will annexed; on November 18, 1948, she filed a petition to revoke probate of the will upon the ground that Williams had procured its execution by means of undue influence, duress, coercion and fraud; she claimed to be the mother of decedent, and by virtue of such relationship would inherit the entire estate in the event of intestacy; the interest of Lula Partridge in the estate was adverse to that of petitioner and there was a conflict of interest between her as administratrix and petitioner as a person interested in the estate. In her answer Lula Partridge admitted, either expressly or by not denying, all of the foregoing allegations of the complaint. The minute order from which the appeal is taken recites that the petition

came on for hearing on January 19, 1949, that notice of hearing had been given as required by law, and that removal was ordered by the court "after hearing the evidence." The minutes do not recite that appellant or her attorney was present. No findings of fact or conclusions of law were signed by the court. The appeal is presented solely on the clerk's transcript.

It is contended that the failure to make written findings constitutes reversible error. This contention is not tenable. Appellant's answer raised no issue of fact. Although the minute order recites that evidence was taken it is stated by respondent and not questioned by appellant that the matter was submitted on the petition and answer. The order represents only a decision of a question of law. Findings were not required.

The question here is whether it was an abuse of discretion to remove appellant as administratrix with will annexed where she was contesting the will in order to acquire the entire estate by inheritance. Section 521 of the Probate Code authorizes the court to revoke the letters of an executor or administrator for actual or threatened waste or embezzlement of property of the estate or mismanagement or actual or threatened fraud or for incompetency, removal from the state, or wrongful neglect of the estate, and section 523 requires removal and revocation of letters if the executor or administrator fails to appear in obedience to the citation, or if he appears and the court is satisfied from the evidence that cause for removal exists. There are numerous other provisions in the Probate Code which authorize or require removal in special circumstances. However, conflict between the interest of an executor or administrator with will annexed, consisting of a right of inheritance in case of intestacy, and his duty to defend the will and to fairly represent and protect the rights and interests of beneficiaries of the will is not made a statutory ground for removal. Appellant was the one who procured admission of the will to probate. She represented herself to be the sole heir, and her right to be appointed was duly recognized. She contends that she was subject to removal only for one of the causes enumerated in section 521, and that her statutory right is not affected by the assertion of a claim to the entire estate adversely to the beneficiaries of the will. We do not doubt that the court has the inherent power to remove an executor or

administrator with will annexed in such a case. The duty to uphold the probate of a will and to protect the interests of the beneficiaries rests upon an executor. (*Estate of Webster,* 43 Cal.App.2d 6, 20 [110 P.2d 81, 111 P.2d 355]; 11B Cal.Jur. § 819, pp. 222, 223; 68 C.J. § 680, p. 935, note 66.) An administrator with will annexed has the same duty to see that the desires of the testator are given effect. Appellant's claim as sole heir and her attack upon the will are inconsistent with the performance of her duty to defend the will and to see that its terms are carried out. She was a trustee for the beneficiaries (11A Cal.Jur. § 22, p. 72), and took a position which conflicted with her fiduciary duties when she instituted the contest. The court should have felt impelled to exact of her as a trustee and officer of the court the ultimate in the performance of her duties, and was not required to retain her in her office of administratrix with will annexed when there would be a continuing conflict between her selfish interest and her duty. (*Estate of Tersip,* 86 Cal.App.2d 43 [194 P.2d 66].) A trustee who acquires any interest or becomes charged with any duty adverse to the interest of his beneficiary may be removed. (Civ. Code, § 2233.) There is no reason why this principle of the law of trusts should not be applied in a proper case to executors and administrators. There is here not merely a trivial or incidental conflict of interest but a major one deliberately brought about by appellant. Had the adverse claim of appellant been known to the court at the time she applied for letters, it would have furnished a sufficient ground for denial of her petition. (*Estate of St. John,* 8 Cal.2d 175 [64 P.2d 725].) It is a general rule that when an executor or administrator makes claim to property which other interested parties claim belongs to the estate, the adverse interest thus asserted furnishes sufficient ground for removal. (119 A.L.R. 306.) Although the precise question we have to consider appears not to have been decided in California, the views we express are consistent with the principles announced in *Luckey* v. *Superior Court,* 209 Cal. 360, 370 [287 P. 450]; *Estate of Bell,* 135 Cal. 194 [67 P. 123]; *Estate of Palm,* 68 Cal.App.2d 204, 213, 214 [156 P.2d 62]; and *Estate of Tersip, supra,* 86 Cal.App.2d 43. (See, also, *Moore* v. *Thomas,* 115 W.Va. 237 [174 S.E. 876]; *In re Pearson's Estate,* 228 App.Div. 418 [239 N.Y.S. 653] 33 C.J.S. § 90(e), p. 1036; Anno. 119 A.L.R. 306, 138 Am.St.Rep. 535.) If appellant had been retained as administratrix with will annexed she would have found her-

self in the contradictory and impossible position of attempting to procure revocation of probate of the will while under a duty to sustain it. The circumstances required her to make a choice between her right to contest the will and her right to letters.

Sections 521 of the Probate Code, which specifies certain grounds for removal, and section 523 relate only to situations in which removal is mandatory. The code does not place any limitations upon the discretionary power of the court in such matters. There is nothing in the statutory law which expressly or by implication attempts to deprive the court of its inherent power to remove an executor or administrator whose self-interest is so opposed to the interests of the beneficiaries under a will as to render him unfit to act as such. The court is not compelled to retain as its own officer one whom it would be required to remove from any other type of trusteeship. We can conceive of no good reason why the court should not have removed appellant.

The order is affirmed.

Wood, J., concurred.

Vallée, J., dissented.