[Civ. No. 22669.  Second Dist., Div. One.  Dec. 12, 1957.]

Estate of HERMAN DEUTSCH, Deceased.  AARON ELMORE, Appellant, v. CITIZENS NATIONAL TRUST AND SAVINGS BANK et al., Respondents.

Wiseman & Elmore for Appellant.

Lawrence E. Drumm and Frederick W. Mahl, Jr., for Respondents.

DORAN, J.—This is an appeal from an order denying the petition of appellant Elmore, an attorney named as executor in decedent's will, and appointing the respondent bank administrator with the will annexed.  The will, which was admitted to probate, bequeathed the estate to two sons by a prior marriage.  Testator also left surviving a wife, Erna Deutsch,

a resident of Germany, who nominated the bank as administrator with will annexed, and opposed the Elmore appointment.

The trial court found that decedent's attorney, Aaron Elmore, who had prepared and retained a copy of the will, knew of decedent's death which occurred on February 25, 1954, and knew as early as June 4, 1954, that this instrument was decedent's last will and "that he was named as Executor in said document; and that . . . said document was in the possession of one of decedent's sons." Notwithstanding this knowledge, "Aaron Elmore failed to petition for probate of said will . . . until January 27, 1957," after the surviving spouse had caused a petition for letters of administration to be filed, "and that no good cause for such delay appears or is shown."

As a further reason for the denial of Elmore's belated petition, the trial court found that subsequent to decedent's death, Elmore "gave legal advice to a portion of the persons interested in the estate, concerning transactions which affect the rights of other persons interested in the estate; that in giving such legal advice Aaron Elmore has committed himself in a manner which is adverse to the interests of such other persons," whose rights "would be prejudiced and adversely affected" by the attorney's appointment as executor; and that the best interests of the estate would be served by appointment of the Bank as administrator c.t.a."

It is appellant's contention that the testator's expressed will concerning appointment of an executor "is strong and overpowering. Almost Absolute"; that neither mere delay in applying for letters testamentary nor adverse interest should prevent appellant's appointment as executor; that no adverse interest was shown, and that the trial court abused its discretion in denying appellant's petition.

Section 324 of the Probate Code provides that "If the person named in a will as executor, for thirty days after he has knowledge of the death of the testator and that he is named as executor, fails to petition the proper court for the probate of the will and that letters testamentary be issued to him, he may be held to have renounced his rights to letters, and the court may appoint any other competent person administrator, unless good cause of delay is shown."

As stated in *Estate of Fiddyment*, 74 Cal.App.2d 72, 74 [168 P.2d 61], the provisions of section 324 are not mandatory but discretionary, and the action of the trial court will

not be disturbed in the absence of a showing of an abuse of discretion. In the instant case no such abuse of discretion has been made to appear.

Appellant's delay of more than two and a half years in petitioning for letters testamentary, coupled with the giving of legal advice to decedent's sons during that period, pertaining to the estate and committing "himself in a manner which is adverse to such other persons" interested in the estate, furnishes ample support for the court's exercise of discretion in refusing to appoint appellant as executor.

The record discloses letters written by appellant attorney to decedent's sons, advising that certain shares of stock sold were not assets of the estate and were not community property and that the testator had made a valid gift of such stock; that testator's widow, respondent herein, was not entitled to support or family allowance, and had no interest as an heir in decedent's estate, and that the estate had no interest in a certain partnership having assets of about $8,000, and an annual income of about $5,000.

Appellant testified that no compensation was received from the sons but that advice was given and letters written. "Probably from a purely technical standpoint it can be said that I did represent them, but those are the facts." As stated by the trial court, "if you are in a position where you would be representing the sons, there would be a definite conflict of interest."

In view of the situation as shown by the record, it cannot be said that the trial court abused its discretion or committed any reversible error in declining to appoint appellant as executor of the estate.

The order is affirmed.

White, P. J., and Fourt, J., concurred.