[Civ. No. 28974.   Second Dist., Div. Four.   Oct. 20, 1965.]

Estate of BETTINA MAYER, Deceased. JOSEPHINE SANDERS, Plaintiff and Appellant, v. CHILDRENS HOSPITAL OF LOS ANGELES, Defendant and Respondent.

Nat Rosin and Harry L. Schuman for Plaintiff and Appellant.

Cosgrove, Cramer, Rindge & Barnum and Samuel H. Rindge for Defendant and Respondent.

FILES, P. J.— The sole matter to be determined in this appeal is the validity and effect of that portion of the decedent's will which reads as follows:

"EIGHTH: I give, devise and bequeath the entire residue of my estate, wheresoever situated and of whatever kind, nature or extent, to CHILDRENS HOSPITAL SOCIETY of Los Angeles, a charitable institution, for the purposes of establishing a memorial for ARTHUR MAYER, my deceased husband, and MATHILDA WOLFF, my deceased mother, through the endow-

ment of one or more cribs, beds or rooms in said hospital, and that suitable plates or plaqques be affixed or displayed in appropriate places; provided, however, that if the said residue is insufficient for such purposes, then said residue is given to such hospital for the establishment of such a memorial as such hospital deems appropriate. If by reason of any provision of law limiting, restricting or invalidating gifts to charity, all or any portion of the aforesaid gift or gifts is invalid, such gift or gifts, or the invalid portion thereof, shall go to JOSEPHINE SANDERS, the niece of my husband, if she is living, or if she *have* predeceased me, then to her heirs at law, living at my demise.''

When the executor petitioned for final distribution to the Childrens Hospital in accordance with the will, Josephine Sanders filed objections upon the ground that the bequest to the hospital was invalid because it was not for a charitable purpose. The trial court held a hearing, following which it made its decree of final distribution which recites (among other things) : ''that no portion of the gift of the residue of the estate to Childrens Hospital of Los Angeles, as set forth in Article EIGHTH of said Will, is or was invalid; that said gift is to a charitable corporation and for a charitable purpose and valid in all respects; . . .'' The decree provides, among other things, that the residue of the estate be distributed to Childrens Hospital of Los Angeles.[1] Josephine Sanders is appealing from that portion of the decree.

Appellant's criticism of the trial court's findings of fact requires little comment. It does not appear from the record on appeal that there was any controverted issue of fact determined by the trial court. Although the trial court's decree contains a recital about ''hearing the evidence,'' no evidence has been made a part of the record here except the Articles of Incorporation of the Childrens Hospital, which document was introduced to establish the charitable nature of that organization. Apparently the issue was dealt with in the trial court as an issue of law, to be determined from the language of the will. No findings of fact were required. (*Estate of Guzzetta*, 97 Cal.App.2d 169, 171 [217 P.2d 460].) ■ Since the interpretation of the will does not turn upon the credibility of extrinsic evidence, it is the duty of this court to determine, from the record, whether the trial court's interpretation

[1]In 1961 Childrens Hospital Society of Los Angeles changed its corporate name to Childrens Hospital of Los Angeles.

is erroneous. (*Parsons* v. *Bristol Development Co.*, 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].)

Appellant does not dispute that Childrens Hospital is a charitable corporation and a proper beneficiary of a bequest for hospital purposes. Appellant's argument is that the bequest is partly for hospital purposes and partly for name plates, that the beneficiary is given uncontrolled discretion in allocating funds as between the two uses, and in the absence of any limitation upon what can be spent for name plates, the bequest cannot be upheld as charitable. She argues: "For ought that appears in the Will, they can spend $1,000.00 for beds, etc., and $249,000.00 for plates, plaques, or a memorial, and be well within the provisions of the will."

The direct answer to appellant's argument is that the will should not be construed to mean that.

" 'Courts look with favor upon all attempted charitable donations, and will endeavor to carry them into effect if it can be done consistently with the rules of law. A bequest intended as a charity is not void, and there is no authority to construe it to be legally void, if it can possibly be made good.' . . . It is the policy of the law to favor gifts for charitable purposes, and a will providing such gifts will be liberally construed in order to accomplish the intent of the donor." (*Estate of Tarrant*, 38 Cal.2d 42, 46 [237 P.2d 505, 28 A.L.R.2d 419].)

Examples of charitable trusts which have been saved by judicial construction of the will are found in *Estate of Moore*, 190 Cal.App.2d 833 [12 Cal.Rptr. 436], and *Estate of Rollins*, 163 Cal.App.2d 225 [328 P.2d 1005].

The fact that the testator may have been motivated by a desire to perpetuate the memory of named persons does not necessarily destroy the charitable character of the bequest. (*Estate of Coleman*, 167 Cal. 212, 215 [138 P. 992, Ann. Cas. 1915C 682]; Rest. 2d Trusts, § 368, com. (d).) "It is the purpose for which the property is to be used, however, not the motives of the testator that determines whether a trust is a valid charitable trust." (*Estate of Robbins*, 57 Cal.2d 718, 724 [21 Cal.Rptr. 797, 371 P.2d 573].)

It is not uncommon for charitable institutions to accept gifts which serve as memorials either to the donor or to specified persons whom the donor wishes to honor. The acknowledgment of such memorials, by the use of plaques or name plates, serves the charitable purpose of the institution by encouraging the making of such gifts. If, as we have no

doubt, it is proper for a charitable corporation to expend funds for the purpose of soliciting and acknowledging contributions, it is no less a charitable use to expend a nominal amount for a name plate which identifies the person in whose memory a gift is made.

■ A reasonable interpretation of the will, unlike what appellant suggests, is that the property is to be used to provide cribs, beds or rooms for the hospital, and that the amount spent for name plates or plaques will be de minimis; and that such expenditure will be no more than is required for the modest recognition which is customary and proper in the ordinary course of the hospital's charitable business.

This conclusion is not affected by the proviso in the will that "if the said residue is insufficient for such purposes, then said residue is given to such hospital for the establishment of such a memorial as such hospital deems appropriate." The petition for distribution discloses a residue approximating $250,000. What the testatrix meant by "insufficient" may be open to question, but the question is academic. The "memorial" referred to, in its context, should be construed as meaning a useful gift to the hospital. ■ The Articles of Incorporation of Childrens Hospital of Los Angeles, which are in evidence, disclose that the corporation's sole purpose is to operate a nonprofit hospital and train nurses, and that "the property of said corporation is irrevocably dedicated to charitable or hospital purposes. . . ." The performance of that charitable trust, including the use of the property distributed under the decree in this case, is enforceable by the Attorney General. (Corp. Code, §§ 9505, 10207.)

■ The trial court properly construed this gift to the Childrens Hospital to be charitable in nature, subject to the limitations imposed by the corporate charter of the beneficiary. (See In re Los Angeles County Pioneer Soc., 40 Cal.2d 852, 860 [257 P.2d 1].)

The order is affirmed.

Jefferson, J., and Kingsley, J., concurred.