TAYLOR, J.
On this appeal [1] by Crocker-Citizens National Bank (hereafter referred to as bank) from a portion of an order dated April 30, 1965, the only question is the propriety of the court’s action in removing the bank as executor of the will of Elodie Grace Cole, deceased (hereafter referred to as Mrs. Cole). The bank contends that the court erred in failing to comply with sections 521 and 524 of the Probate Code and in concluding that there was an adversity of interests between the beneficiaries of Mrs. Cole’s will and *326 those of the will of her predeceased husband. Respondents, some of the residuary beneficiaries under both wills, contend that the court acted within its discretion in removing the bank, but erred in denying the petition of respondent, E. F. Shreve (Mrs. Cole’s brother) for letters of administration with the will annexed.
The facts are not in dispute. On January 4, 1962, Mr. and Mrs. Cole concurrently executed formal wills in which each nominated the bank as executor. The couple was childless. Mr. Cole’s will, so far as relevant, recited: that all of the assets of the couple had been acquired as community property but title had been taken in joint tenancy for purposes of convenience and that the parties had concurrently executed a written agreement converting into community ownership all of their assets other than money on deposit in the banks and proceeds from life insurance policies; that it was his intention to dispose of all the community assets of the parties; and that with the exception of the probate homestead and family allowance, Mrs. Cole elect whether she would accept the benefits of his will or claim her community property share. If Mrs. Cole elected to take her community property share, she was still to receive most of the personal property and the family home, but the other provisions of the will in her favor were to be of no effect, and the remaining provisions “be fully effective the same as if my wife had predeceased me.”
Paragraphs Second and Fourth of Mr. Cole’s will gave most of the personalty, as well as the family home, to Mrs. Cole. The family home was specifically bequeathed to others in the event she predeceased him. The rest of his estate was given to the bank in trust for Mrs. Cole for life. On termination, the trust was to be distributed substantially as follows: specific bequests of cash and stock of a total value exceeding $24,000 to specified friends and relatives; a specific bequest of certain securities of a value of over $17,000 to the Marin Council, Boy Scouts of America; and the residue, valued in excess of $84,000, to be divided equally among two sisters of Mr. Cole and two sisters and a brother of Mrs. Cole, or their respective spouses or heirs. Paragraph Sixth provided that if Mrs. Cole predeceased her husband or died concurrently, the trust would never come into existence and the property, which would have gone into the trust, was to be distributed in the same manner as provided for on termination of the trust.
*327 Mrs. Cole’s will recited the execution of the agreement converting assets into community ownership as well as the concurrent execution of the husband’s will “the terms of which have my complete and unqualified approval.” She devised the family home and its contents to her sister and brother-in-law subject to a life estate in Mr. Cole. She made specific bequests of certain securities identical to those provided for by Mr. Cole’s will on termination of the trust. However, her will did not contain any provisions paralleling the bequest of securities to the Marin Boy Scouts or two bequests of cash provided by Mr. Cole’s will on termination of the trust.[2]
If Mr. Cole predeceased his wife, the residue of her estate was to be divided equally among Mr. Cole’s two sisters and her brother and two sisters, or their respective spouses or heirs, a disposition identical to that made by the residuary clause of Mr. Cole’s will. Mrs. Cole’s will contained no specific waiver of community rights or election to take by benefit of her husband’s will.
Mr. Cole died on March 26, 1964, his will was admitted to probate, and letters testamentary issued to the bank. On August 18, 1964, prior to distribution of Mr. Cole’s estate and before Mrs. Cole had received any of the benefits of his will, she died. Thereafter on October 5, 1964, by minute order, her will was admitted to probate and the bank appointed executor.
On February 15, 1965, the bank petitioned the court to determine heirship in each of the probate proceedings and asked that the court determine whether Mrs. Cole, by an oral agreement with her husband, had waived her community rights and elected to take the benefits of her husband’s will, and then instruct the executor as to its duties in relation to such election. The Marin Boy Scouts filed a statement contending that there had been such an oral agreement. Re *328 spondents filed statements contending: that Mrs. Cole had not made such an agreement or elected to take under the will and had not waived her community rights; that, therefore, her interest in the community property vested immediately upon Mr. Cole’s death without the necessity of the probate proceedings; and that under these circumstances, the bank, as executor of Mr. Cole’s will, had an interest adverse to its position as executor of Mrs. Cole’s will.
After hearing the evidence on both sides at the combined heirship proceedings on April 9, 1965, the court entered a minute order to the effect that Mrs. Cole had not waived her community rights or elected to take under the husband’s will, granted respondents’ oral motion to remove the bank as executor of Mrs. Cole’s estate, and appointed the public administrator as administrator with the will annexed. The court later signed findings and conclusions and on May 5, 1965, filed its formal order, noting that the bank, as executor of Mr. Cole’s estate, had prepared an inventory of all the community property of both decedents, that one-half of this property was Mrs. Cole’s, and that “by reason thereof the interests of the beneficiaries of the husband’s will became adverse to the interests of the beneficiaries of the wife’s will,” and that further to protect Mrs. Cole’s beneficiaries, the bank should not continue as executor of her estate while serving as executor of the estate of her predeceased husband.
Subsequently, another judge denied respondent Shreve’s petition for appointment as administrator with the will annexed as premature and appointed the bank as special administrator with the will annexed of Mrs. Cole’s estate, with general powers. No appeals have been taken from these orders.
On this appeal, we are concerned only with that portion of the court’s formal order of April 30, 1965, removing the bank as the executor of Mrs. Cole’s estate for the reason therein stated. Since the bank was not removed pursuant to any of the statutory grounds Prob. Code, §§ 521-524), but in the exercise of the court’s inherent power (Estate of Guzzetta, 97 Cal.App.2d 169 [217 P.2d 460]), the only question is one of abuse of discretion.
The court’s order should, of course, be sustained unless there is a clear showing of abuse of discretion. The trial court exercises a broad discretion in the matter of removing an executor (Estate of Wacholder, 76 Cal.App.2d 452 [173 P.2d 359]; Estate of Bell, 135 Cal. 194 [67 P. 123]; *329 Estate of Healy, 137 Cal. 474 [70 P. 455]; Estate of Newell, 18 Cal.App. 258 [122 P. 1099]). While it is the duty of the courts carefully to protect the interests of estates, the rights of those who are appointed to take charge and manage them should not be overlooked. An administrator should not be removed except for good and sufficient cause (In re Welch, 86 Cal. 179, 183 [24 P. 943]). The courts are even more reluctant to defeat the will of a testator by removing his chosen executor (Estate of Bell, supra). A testator’s selection of an executor should not be annulled except on the clear showing that the best interests of the estate require such action (Estate of Buchman, 123 Cal.App.2d 546 [267 P.2d 73, 47 A.L.R.2d 291]).
Although the specific bequests of stocks and securities were otherwise identical in the two wills, Mrs. Cole’s will did not provide for the additional specific charitable bequest of securities to the Boy Scouts of America. Thus until the resolution of the question of whether Mrs. Cole took under her husband’s will or elected to take her share of the community property, there was a potential conflict, as the determination affected the size of the Boy Scout’s bequest and the amount of the shares to be distributed to the residuary beneficiaries under the two estates. However, after resolving this question (a resolution that in our opinion disposed of all substantial conflict), the trial court in its order recited that the bank as executor of Mr. Cole’s estate had prepared an inventory of all of the community property of both decedents; that one-half of this property was the property of Mrs. Cole and that “by reason thereof,” there was such an adversity of interests between the beneficiaries of Mrs. Cole’s will and the beneficiaries of Mr. Cole’s will that the bank should not continue to serve as executor of both estates. Respondents contend that the trial court was correct as the inventory of Mr. Cole’s estate was an indication of the bank’s bias and conflict of interest. We do not agree.
The record indicates that the inventory and appraisement in Mr. Cole’s estate had apparently been completed and filed on April 20, 1965, before the final determination of the heirship proceedings herein. However, the inclusion of all the community property of the parties was proper as the wife’s share of the community property is part of the deceased husband’s estate. The personal representative of a deceased husband is entitled to possession of the entire community *330 property and is chargeable with it on his accounting (Estate of Algee, 158 Cal.App.2d 691 [323 P.2d 221]). “Community property passing from the control of the husband, ... by reason of his death ... is subject to his debts and to administration . . .” (Prob. Code, §202; Estate of Phillips, 123 Cal.App.2d 570, 574 [266 P.2d 954]). Thus the bank could not, for the sake of appearing neutral, properly omit the wife’s community interest from the inventory of Mr. Cole’s estate merely because there were conflicting claims thereto (Estate of Donahue, 3 Cof. 301). It was doing nothing more than carrying out its duties to the court in listing all of the community property in the inventory of the husband’s estate and we hold that such conduct did not indicate in any way a bias or an interest in conflict with the wife’s estate.
Respondents further contend that the bank as executor in both estates will be confronted with conflicting interests since it will be required to pass upon and decide which claims and taxes are chargeable to the respective estates; to make a fair and equitable division of one-half of the net assets of Mr. Cole’s estate and transfer the same to Mrs. Cole’s personal representative; to determine whether and to what extent the persons named as specific legatees may take under the provisions of Mr. Cole’s will; to ascertain whether any of the persons named as remaindermen of the testamentary trust created by Mr. Cole’s will (which trust never came into existence) may take in view of the potential ambiguities created by several paragraphs of Mr. Cole’s will;[3] to determine what passes to Mrs. Cole’s estate under the term “exempt property”; and to resolve the ambiguity arising from the specific bequests of personalty and the family home to Mrs. Cole and whether these items are to be transferred in kind to Mrs. Cole’s estate.
The answer to respondents’ contention is that an adversity of interest does not, in itself, disqualify a person named in a will from serving as executor as there is no statute authorizing disqualification on that ground (Estate of *331 Daigh, 59 Cal.2d 367, 368-369 [29 Cal.Rptr. 273, 379 P.2d 761]). Of course, the court has the inherent power, as indicated by appellant’s authorities, to remove a personal representative who has an interest in the assets of an estate, either directly as a claimant or as a representative of a claimant, and who performs acts with relation thereto which are inimical to the rights and interests of the heirs and creditors (Estate of Withington, 60 Cal.App.2d 105 [140 P.2d 491] ; Gross v. Needham, 184 Cal.App.2d 446 [7 Cal.Rptr. 664]; Estate of Guzzetta, 97 Cal.App.2d 169 [217 P.2d 460] ; Estate of Palm, 68 Cal.App.2d 204 [156 P.2d 62]; Estate of Bell, 135 Cal. 194 [67 P. 123]; Estate of Deutsch, 156 Cal.App.2d 57 [318 P.2d 847]). But, here the bank is a mere stakeholder and has no actual interest in the property of either estate. It is an officer of the court called upon to collect the assets, pay the claims and distribute to the beneficiaries. Its actions in all of the issues listed by appellant above and in the resolution of any ambiguities in either of the wills which might affect distribution, are subject to the court’s approval and before final disposition of these matters, the beneficiaries of both wills are entitled to notice and an opportunity to be heard (Estate of Healy, 137 Cal. 474 [70 P. 455]; Prob. Code, §§ 1200-1202).
There has been no showing by respondents of any tendency on the part of the bank to abuse its limited authority to the detriment of either estate. In view of the reciprocal provisions of both wills and the statement in Mrs. Cole’s will fully approving of her husband’s will, the bank’s conduct in asking the court for instructions on the question of the widow’s election to take thereunder was eminently reasonable and is to be commended in view of the executor’s authority to determine such an issue without prior court approval and subject only to objection (Estate of Kelley, 122 Cal.App.2d 42 [264 P.2d 210]).
We are of the opinion that all major conflicts between the beneficiaries of Mrs. Cole’s estate and those of her husband’s were eliminated once the court determined that Mrs. Cole elected to take her community share. With few exceptions, the beneficiaries in both estates are identical and any remaining conflicts arising from ambiguities in the wills or otherwise seem trivial and readily subject to adjustment. The respondents have not shown that the bank has committed any acts in any way inimical to the rights and interests of any *332 beneficiaries or claimants under Mrs. Cole’s will nor any reason to question the propriety of the bank’s future conduct. A probate court should not defeat the will of a testator by removing his chosen executor for light or trivial causes and particularly for matters which are subject to ready adjustment in the settlement of accounts (Estate of Bell, 135 Cal. 194 ,196 [67 P. 123]).
We conclude that the court abused its discretion in removing the bank as executor of Mrs. Cole’s estate (Estate of Wacholder, 76 Cal.App.2d 452 [173 P.2d 359] ; In re Welch, 86 Cal. 179 [24 P. 943]), and we therefore need not discuss respondents’ contentions concerning the probate court’s subsequent orders.
The portion of the court’s order removing the bank as executor is reversed and the appeal from the minute order of April 9 dismissed. Appellant is allowed costs.
Shoemaker, P. J., and Agee, J., concurred.

 The notice of appeal indicates that the appeal is taken from both the minute order of April 9, 1965, and the subsequent written order of April 30, 1965. However, since the minute order was merged in the final order, the appeal from the minute order is superfluous and can be dismissed.

 The following bequests are made only by Mr. Cole’s will:
“ 5) To Robert J. Busher, any balance that may then be unpaid on his promissory note to myself and my said wife, secured by a deed of trust.
“6) To Marge F. Morrison and G. D. Morrison, 909 Sherman Avenue, Novato, California, or to the survivor of them, the sum of Three Thousand Dollars ($3,000.00) in cash.
“7) To the trust fund of Marin Council, Boy Scouts of America, a corporation, subject to the terms of said Council’s Declaration of Trust creating a Boy Scout Trust Fund, all stock in Pacific Telephone and Telegraph Company, Stone & Webster Company and Continental Can Company. ’ ’

 The first paragraph provides that if Mrs. Cole elected to take her community property share, she was to receive the personalty and family home, but the other provisions of the will in her favor were to be of no effect and the remaining provisions of the will effective as if she had predeceased her husband. Paragraph Fifth provided for the creation and termination of the trust and disposed of the residue. Paragraph Sixth provided that if Mrs. Cole predeceased her husband, that portion of his estate that would have gone into the trust would be distributed as on termination of the trust.